## No. 2523.

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* MARY McCORMICK.

1. COMITY—TORTS—STATUTORY RIGHT OF ACTION.—A suit in this State by a widow for damages for the negligent killing of her husband in the State of Arkansas will not be heard for want of jurisdiction.
2. SAME.—Conceding the duty of comity, still, while the cause of action here alleged is good under the statutes of both States, the statutes of Arkansas are so different from the laws of Texas upon the subject that jurisdiction will not be taken.
3. CASES FOLLOWED.—Willis v. Mo. P. R'y Co., 61 Texas, 432; T. & P. R'y Co. v. Richards, 68 Texas, 375.

APPEAL from Bowie. Tried below before the Hon. W. P. McLean.

The opinion gives the facts.

*Todd & Hudgins,* for appellant: The courts of this State will not e force the plaintiff's right of action based upon the laws of Arkansas; because,

(a).   These are local laws; can have no extra territorial effect, and rights based on them can be enforced only by the courts of Arkansas.    Willis v. Mo. Pac. R'y, 61 Texas, 434; Cooley on Torts, 470–472, 266; Rorer on Interstate Law, 144, 145 (135, 136), 158–163; Richardson v. Railroad, 98 Mass., 85; Davis v. Railroad, 143 Mass., 301 (declining to modify Richardson); McCarthy v. Railroad, 18 Kansas, 49; Woodward v. Railroad, 10 Ohio St., 121; Ewing v. Bank (Ohio), 10 A. & E. Corp. Cases, 447; Patton v. Railroad, 96 Penn. St., 169; Anderson v. Railroad, 37 Wis., 321; Whitford v. Railroad, 23 N. Y., 465; Vawter v. Railroad, 19 A. & E. R'y Cases, 176 (Mo.); Mackay v. Central Railway, 4 Fed. Rep., 617 (s. c., 14 Blatch., 65); Beach v. Bay State Co., 30 Barb., 443; Crowley v. Railroad, 30 Barb., 99–106; Armstrong v. Beadle, 5 Sawyer, 484; Needham v. Railroad, 38 Vt., 294; State, etc., v. Railroad, 45 Md., 41; Taylor's Adm'r v. Railroad, 78 Ky., 348; LeForrest v. Tolman, 117 Mass., 109; N. & C. R'y v. Eakin, 6 Cald., 582; S. R. & D. R'y v. Lacy, 43 Ga., 461; Derrickson v. Smith, 3 Dutch., 166.

And because (b) these laws are not "similar to" or "substantially the same as" the laws of Texas relating to the subject; they confer rights antagonistic to the policy of the Texas statutes, and vice versa; and State comity can not require this State to enforce them.    See supra and T. & P. R'y v. Richards, 68 Texas, 375; Pickering v. Fisk, 6 Vt., 107; Vawter v. Railroad, 19 A. & E. R'y Cases (Mo.), 176; Limekiller v. Railroad, 19 Id., 184 and note; Davis's Adm'r v. Railroad (N. Y.), 28 A. & E. R'y Cases, 223; Knight v. Railroad, 108 Penn. St., 250; Bank v. Price, 35 Md., 487; Morris v. Railroad, 19 A. & E. R'y Cases, 180; Hunt v. Town of Pownal, 9 Vt., 417; Judge of Probate v. Hibbard, 44 Vt., 597; Betteys v. Railroad, 37 Wis., 323; Debevoise v. Railroad, 25 A. & E. R'y Cases, 335 and note; Brigham v. Claflin, 31 Wis., 607; Carpenter v. Railroad, 72 Md., 388; United States v. Lathrop, 17 Johns., 261; Abraham v. Plestero, 3 Wend., 538; Buckles v. Ellers, 72 Ind., 220; McFee v. Insurance Company, 2 McCord, 503; State, etc., v. John, 5 Ohio St., 217; Railroad v. Cragin, 71 Ill., 177; Halsly v. McLean, 12 Allen, 438; Drinkwater v. Railroad, 18 Md., 37; Gorman v. Railroad, 26 Mo., 441; Rorer's Interstate Law, 155 et seq.; 2 Rorer on Railroads, ch. 54, sec. 3, p. 1149; Whart. on Conflict of Laws, secs. 477–480.

And because (c) a judgment in this forum would not necessarily bar a further prosecution of the action in Arkansas by the "personal representative."

An administrator may qualify and sue in Arkansas at any time within two years from the date of the death. Freeman on Judgments, sec. 163, p. 179, citing Dorr v. Stockdale, 19 Iowa, 269; McCarthy v. Railroad, 18 Kansas, 49.

*Vaughan & Leary*, for appellee: 1. The courts of this State will enforce the plaintiff's right of action based upon the above recited laws of Arkansas.

2. The right of action, although statutory and conferred by the statutes of the State of Arkansas, may be enforced in the courts of any other State having jurisdiction over the person of the defendants, provided the laws of the State in which the suit is brought are similar to those of the State conferring the right of action. (R'y Co. v. Richards, 68 Texas, 375; Derrick v. R'y Co., 103 U. S., 17; Boyce v. R'y Co., 50 Am. Rep., 730; Knight v. R'y Co., 108 Pa. St., 250; s. c., 26 A. & E. R'y Cases, 485; Doyle v. R'y Co., 60 Miss., 977; Herrick v. R'y Co., 11 A. & E. R'y Cases, 256; Lacy v. R'y Co., 43 Ga., 461; Morris, Adm'r, v. R'y Co., 19 A. & E. R'y Cases, 180; Burnes v. G. R'y Co., 15 N. E. Rep., 230.)

WALKER, ASSOCIATE JUSTICE. This is an action by Mary McCormick, widow of James McCormick, for damages against appellant for negligently causing her husband's death while he was in the employ of the defendant company. It was alleged that the defendant was a corporation chartered under the laws of the United States, and engaged running trains in its business from St. Louis, Missouri, through Arkansas, and ending at Texarkana, a city in Arkansas and Texas. That deceased was killed in Texarkana, in Arkansas, in Miller county. The statutes of Arkansas relating to such suits, and relied upon were set out. It was alleged that deceased left no child or children, nor any blood relation, and that there was no administration pending on the estate.

The details of the killing were set out.

The defendant, at the first term after the filing of the suit, answered by demurrer and general denial. At subsequent terms the defendant pleaded in abatement that the estate of the deceased was in administration in the State of Arkansas, also to the jurisdiction of the court, etc. The court sustained exceptions to the dilatory pleas because filed after plea to the merits. The same facts, however, were pleaded in bar and were sub-

mitted to the jury in charge of the court as requested by the plaintiff's case. The defendant could not, therefore, in any way have been injured by the ruling of the court upon the pleadings.

Trial was had at March Term, 1888, and verdict and judgment for plaintiff for five thousand dollars. The errors assigned raise the questions whether the courts of this State will extend relief upon a cause of action made by the statutes of another State, in which the act was committed, giving the action, and whether if our courts, in comity, will do so, are the statutes of Arkansas and Texas alike or similar so as to invoke the duty of comity under the statutes as similar or alike.

The laws of Arkansas in question are here set out:

"Act LIII. of the General Assembly:

"Section 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation, which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Section 2. Every such action shall be brought by and in the name of the personal representatives of such deceased person, and if there be no personal representative, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person. Provided, that every such action shall be commenced within two years after the the death of such person."

Revised Statutes of Arkansas, chapter 125, section 5537: "All railroads which are now or may be hereafter built and op-

erated in whole or in part in this State shall be responsible for
all damages to persons and property done or caused by the
running of trains in this State.

"Section 5539. When any person shall be wounded by a
railroad train running in this State he may sue for damages in
his own name, or if he be a minor, his father, if living, may
sue, and if his father be dead then the mother may sue, and if
both the father and mother be dead then the guardian of such
minor may sue for and recover such damages as the court or
jury trying the case may assess."

In relation to the descent and distribution of the estates of
intestate decedents, by said Revised Statutes of A. D. 1884, it
is also provided as follows:

"Section 2528. If there be no children or their descendants,
father, mother, nor their decendants, or any paternal or mater-
nal kindred capable of inheriting, the whole shall go to the
wife or husband of the intestate. If there be no such wife or
husband then the estate shall go to the State."

The Constitution of the State of Arkansas, section 32, article
5: "No act of the General Assembly shall limit the amount to
be recovered for injuries resulting in death, or for injuries to
persons or property; and in·case of death from such injuries
the right of action shall survive, and the General Assembly
shall prescribe for whose benefit such action shall be prose-
cuted."

The statutes relied upon by the defendant are as follows:

"Revised Statutes of Arkansas, sec. 6353. The words 'per-
sonal representative' signify the executor or administrator of
a deceased person, or the officer or other person appointed to
take charge of his estate."

"Section 224. The sheriff shall, by virtue of his office, be
public administrator in and for his county.

"Section 225. It shall be the duty of each public adminis-
trator to take into his charge all the estate, of. every kind, of
deceased persons in his county in the following cases:

"1. Where a stranger dies intestate in his county without
relations, or dies leaving a will, and the. executor named is
absent or fails to qualify and enter into bond as required by law.

"2. Where persons die intestate without any known heirs
and administration is not taken by some responsible person.

"3. Where persons unknown are found dead or die in his
county.

"4.  Where money, property, papers, or other estate, is exposed to loss and damage, and no other person administers on the same.

"5.  Where the estate of any person who may have died elsewhere is left in his county, liable to be wasted, injured or lost, or is not in the lawful custody of some responsible person.

"6.  In all cases where the court of probate shall order him to take possession of any estate to prevent it from being injured, wasted or purloined.

"Section 230.  The public administrator shall institute all manner of suits that may be necessary to recover the property, debts, papers or other estate of the deceased, in the same manner as if letters of administration were actually granted to him, styling himself, in all such suits the public administrator of the proper county."

And by the statutes of said State it is further provided:

"Section 2522.  When any person shall die, having title to any real estate of inheritance or personal estate, not disposed of nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed in parcenary to his kindred, male or female, subject to the payment of his debts and the widow's dower, in the following manner:

"First.  To children or their descendants, in equal parts.

"Second.  If there be no children, then to the father, then to the mother; if no mother, then to the brothers and sisters, or their descendants, in equal parts.

"Third.  If there be no children nor their descendants, nor father nor mother, nor their descendants, then to the grandfather, grandmother, uncles and aunts and their descendants, in equal parts, and so on in other cases, without end, passing to the nearest lineal ancestor and their children and their descendants in equal parts.

"Section 2531.  In cases where the intestate shall die without descendants, if the estate come by the father, then it shall ascend to the father and his heirs; if by the mother, the estate, or so much thereof as came by the mother shall ascend to the mother and her heirs; but if the estate be a new acquisition, it shall ascend to the father for his life time, and then descend, in remainder, to the collateral kindred of the intestate in the manner provided in this act; and, in default of a father, then to the

mother for her life time; then to descend to the collateral heirs, as before provided.

"Section 2532. The estate of an intestate, in default of a father and mother, shall go, first to the brothers and sisters and their descendants, of the father; next, to the brothers and sisters and their descendants, of the mother. This provision applies only where there be no kindred, either lineal or collateral, who stand in a nearer relation.

"Section 2533. Relations of the half blood shall inherit equally with those in the whole blood in the same degree, and the descendants of such relative shall inherit in the same manner as the descendants of the whole blood, unless the inheritance come to the intestate by descent, devise or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance.

"Section 2534. In all cases not provided for by this act, the inheritance shall descend according to the course of the common law."

Comparing the Arkansas and Texas statutes, it appears that in this case a recovery was proper under the laws of both States. The court, in submitting the case to the jury, added to the facts necessary under the Texas laws, the additional facts that there was no administration upon the estate, and that the deceased left no blood relations.

The widow, under the Arkansas statute, sues, in the absence of an administration, as sole heir of the deceased husband; under the Texas she is the direct and immediate beneficiary under the statute, suing in her own right.

In Arkansas the statute provides that the damages recovered shall be distributed as personal assets of an intestate. In Texas the amount recovered is divided among the persons designated in the statute, in such proportion as the jury on the trial shall determine.

The terms of limitation are different, and in Arkansas exemplary damages are not allowed. What effect, if any, the grant of administration upon the estate would have upon the right of the widow to maintain her suit had the fact been presented in abatement to an action brought in the courts of Arkansas, may have been a material inquiry. The administration was granted September 16, 1887, during the pendency of this suit. The removal was on March 19, 1888, and the judgment in this case was rendered March 29, 1888.

The order removing the administrator recites as cause for its action, "that said McCormick, at the time of his death, was a non-resident of the State of Arkansas, and that he left no property in the State, and that no assets of any kind have come into the hands of the administrator." This order was "made after defendant's plea in abatement was filed herein." An attorney in the matter testifying: "We had the administrator discharged and the administration closed to avoid any legal complications arising here by reason of said administration and said plea in abatement."

The fact that complications, legal or otherwise, by reason of the judicial proceedings in the courts of Arkansas had to be removed in order to make a case for the Texas tribunals, is suggestive against the duty of comity in taking charge of the case in our courts.

The matter was pleaded in abatement and was passed upon by the court; the court holding, in effect, that the dismissal of the administrator before the trial, left the privilege to sue in the plaintiff. It is at least a question, and it may be that the courts of Arkansas would have held differently.

A difference in the statutes, in the beneficiaries, and in the procedure would become more evident, should the widow, the the child or children, the parents or parent surviving, the husband, etc., whose death had been caused in Texas under circumstances giving damages, seek to join in a suit to maintain their rights in an Arkansas court. Nor is it likely that the Texas law for the distribution of the recovery could have any effect. The distribution would not be left to the jury, when the statutes directed its descent as other personal assets.

We see no other combination of facts giving the right to sue in both, except where the sole heir is one of those named in the statute of Texas who may sue in the absence of an administration.

But it does not appear that the remedies should be reciprocal. Statutes are enacted in the several States for the local public good, and as of themselves they have no extraterritorial effect, it is not likely that the effect to be given them by neighboring States has any influence inducing their enactment. They are not made to be enforced even in comity outside of the State. "Comity extends only to enforce obligations, contracts and rights under provisions of law of other countries, which are

analagous or similar to those of the State where the litigation arises." (Rorer on Interstate Law, 5.)

When the courts are asked to enforce a right given under a local statute, and it is made to appear that the act complained of was committed out of the State, and it is shown that the laws of that State are similar to the local statutes giving the remedy, the duty of taking jurisdiction would be indicated, if the local courts will recognize the action as transitory.

A majority of the members of the court, however, are averse to assuming duty of enforcing the more complicated statutes of Arkansas upon the subject matter of this litigation.

While not receding from the utterances of C. J. Willie in the Willis case, 61 Texas, 432, nor formally adopting it—leaving the main question open as in the Richards case, 68 Texas, 375—it is here held that the cause of action exhibited in the record, arising under and to be determined by the laws of Arkansas, which are so dissimilar in many respects from the Texas statutes, can not be here enforced.

It is not advisable, nor would it be profitable, to review the many contradictory authorities on the subject. The questions have been elaborately discussed in the exhaustive briefs by each party.

The first charge asked by the appellant should have been granted, and the case withdrawn from the jury.

The judgment will be reversed.

*Reversed and dismissed.*

Opinion delivered November 2, 1888.