Elizabeth De Harn v. The Mexican National Railway Company.

No. 95.

### 1. Local Effect of Statutes—Injuries Causing Death.

It is settled law, that the statute of a State which for a tort gives a right of action in derogation of the common law, or a right of action unknown to that law, can have no extra-territorial force; and in accordance with this rule. it has been expressly decided in this State that for an injury inflicted in another State, which results in the death of the party injured, the surviving relatives have no right to recover in this State...................................................... 69

**2. Same.**

> That the injured party died within this State from injuries received elsewhere, does not give right of action. The primary cause, or the wrong suffered, was when the injury was inflicted, and the residence of the deceased or the place of his death are immaterial .............. 70

**3. Same—Case in Judgment.**

> Action in District Court of Nueces County by a mother against the railway company for negligently causing the death of her son. It was alleged in the petition that the injuries were inflicted in the Republic of Mexico. but that the son died in Texas. *Held*, that a demurrer to the petition was properly sustained ................................ 71

Application for Writ of Error to Court of Civil Appeals for Third District, in an appeal from Nueces County.

*McLeary & Fleming*, for application.

GAINES, Associate Justice.—This is an application for a writ of error to the Court of Civil Appeals of the Third Supreme Judicial District, which is asked for the purpose of reviewing and reversing a decision of that court, affirming a judgment of the District Court of Nueces County.

The applicant brought the suit to recover of the defendant, the Mexican National Railway Company, damages for injuries to her son, which, as alleged, resulted in his death. It was averred in the petition, that the injuries were inflicted in the Republic of Mexico, and that the death occurred in this State. A general demurrer to the petition was sustained, and the plaintiff having declined to amend, the suit was dismissed.

It is settled law, that the statute of a State which for a tort gives a right of action in derogation of the common law, or a right of action unknown to that law, can have no extra-territorial force; and in accordance with this rule it has been expressly decided in this State, that for an injury inflicted in another State or Territory, which results in the death of the party injured, the surviving relatives have no right to recover in this State. Willis v. Railway, 61 Texas, 432; Railway v. Richards, 68 Texas, 375; Railway v. McCormick, 71 Texas, 660. But in each of the cases cited, the death occurred without the limits of the State. A seeming exception is, that if the law of the State where the injury is inflicted gives substantially the same right of action which is given by the law of the State where the suit is brought, and in favor of the same parties, by reason of the principle of comity, the right will be enforced in the latter State. The doctrine is recognized in the case last cited, though it was then held that the facts of that case did not bring it within the principle. That decision, however, leaves the question open.

We use the phrase, "a seeming exception," because it can not in fact be deemed an exception to the general rule. That rule is founded upon

the principle, that the statutes of a State have no effect beyond its own limits, and that if the act or omission complained of be not actionable by the law of the State where it is committed, no action can properly be brought on it in another State, although by the laws of the latter the act would have been actionable if committed within its jurisdiction.

We do not understand, however, that the applicant for the writ of error in this case controverts these propositions. The contention is, in substance, that because the death occurred in this State, although the injury was inflicted in Mexico, our statute gives a right of action. In support of this contention, we infer that counsel for the applicant rely, in part, at least, upon the language of article 3202 of our Revised Statutes. This article provides, in substance, that all actions of this character shall be brought within one year "after the cause of action shall have accrued;" and also provides, that "the cause of action shall be considered as having accrued at the death of the party injured." But this is merely a statute of limitation, and not a statute defining what shall constitute a cause of action. The reason of the provision is obvious. Since no action could be brought by the relatives of the injured person until death has ensued, and since a great length of time might elapse between the injury and the death, it is reasonable that the time of the death should be taken as the point from which limitation should begin to run. The article which gives an action in this class of cases reads, "An action for actual damages on account of injuries causing the death of any person may be brought in the following cases," etc. Rev. Stats., art. 2899.

Although the right of action does not accrue to the beneficiaries named in the statute unless death ensues, the wrong for which the action is allowed is the injury which causes the death. The foundation for the action is the act or omission which causes the injury, and in order to justify a recovery, such act must be forbidden or such omission enjoined by the law of the State where it occurs.

In order to illustrate this, let us take the case of a servant of a railway company who is injured by reason of the negligence of another employe of the same company. By statute in some of the States of our Union such corporations are held responsible to their servants for injuries which result from the negligence of their fellow servants. In others they are not liable for such negligence. Let us suppose that in a State where the common law as to such liability is still in force, one employe of a railway company is injured by the negligence of his coemploye, and that the person injured is carried into a State where the statute has established a different rule, and there dies; would it be proper for the courts of the State where the death occurred to hold the company liable for the consequences of the negligence of its servants, when according to the laws of the State where the negligence occurred no action would lie for such negligence?

The act committed or omitted, in any case of this character, is the pri-

mary ground of the action.   Although the death of the injured person is
a necessary condition to a recovery on part of the beneficiaries pointed
out by the statute, at the same time, in order to enable them to maintain
an action, it is quite as essential that such act or omission should be con-
trary to the law of the place where the injury is inflicted.   It should be
not only misconduct, recognized by the law of the place where it occurs
as unlawful to the person injured, but it should be such as is recognized
by that law as legally injurious to those who seek to recover damages for
the injury.

As to torts, at least, the laws of a State have no operation beyond its
own limits.   When, for example, the courts of one State sustain a recovery
for an injury to person or property inflicted in another State, it is be-
cause the wrongful act is legally injurious in the State where committed,
and not simply because it would have been actionable if committed
within the territorial limits of the jurisdiction of the forum.   The case of
Dennick v. Railway, 103 U. S., 11, is not in conflict with this doctrine.
There the injury was inflicted in New Jersey, and was actionable by the
statute of that State.   The suit was brought in a court in New York, and
was removed to the United States Court.   The statutes of New York
upon the subject were similar to those of New Jersey, and the court held
that the action could be maintained in the courts of New York.

We have found but two cases in which the exact point here presented
has been adjudicated, and in both the holding was adverse to the conten-
tion of appellant's counsel.   In Needham v. Railway, 38 Vermont, 294,
the injury was inflicted in New Hampshire and the death occurred in Ver-
mont.   The injury was actionable under the laws of the latter State, but
it was not alleged that a similar statute existed in New Hampshire.   It
was held that the plaintiff could not recover.   In McCarthy v. Railway,
18 Kansas, 46, the injury was inflicted in Missouri, but the death occurred
in Kansas.   The court say in the opinion:   " The fact urged with con-
siderable stress by counsel of plaintiff, that the intestate lived in Kansas
at the time of his employment, and died in this State, is immaterial in the
decisions of the questions presented.   The wrongful acts were all com-
mitted in Missouri.   This court has already held, that while section 422
gives a cause of action in every case coming within its terms and happen-
ing within the State, the residence of the deceased is not material and the
place of his death unimportant in determining the right of the adminis-
trator to sue."

We conclude that judgments of the trial court and of the Court of Civil
Appeals are correct, and this application for a writ of error is therefore
refused.

*Application refused.*

Delivered October 12, 1893.