DE HERRERA et al. v. TEXAS, MEXICAN RY. CO. et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 12, 1913. Rehearing Denied March 12, 1913.)

DEATH (§ 35*)—INTERNATIONAL COMITY—JURISDICTION—NEGLIGENCE.

The courts of Texas had no jurisdiction of an action for the wrongful death of plaintiffs' intestate in the republic of Mexico, due to an accident which occurred there, though the petition alleged that the death would not have occurred but for the negligence of defendants in not performing their contract obligation to provide proper hospital services and competent surgical attention; the action still being one for negligence resulting in death, and the dissimilarities between the laws of Mexico and Texas in relation to actions of such nature being too great to permit the action in the Texas courts.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Teresa V. de Herrera and others against the Texas, Mexican Railway Company and others. From a judgment of dismissal, plaintiffs appeal. Affirmed.

H. G. Dickinson, of Laredo, for appellants. A. C. Hamilton, of Laredo, for appellees.

MOURSUND, J. This is an appeal from a judgment dismissing the cause for want of jurisdiction. The suit was for damages for alleged negligence on the part of appellees causing the death of Adolfo Herrera in Nueva Laredo, Mexico.

The accident resulting in the death of Herrera occurred in Mexico, and the details are fully pleaded; but we deem it unnecessary to state the allegations of the petition, further than that it was alleged that after the accident appellees knowingly permitted Herrera to remain without medicial attendance for two hours, and then removed him to what was known as the municipal hospital in Nueva Laredo, where his leg was amputated by a physician at the time in the employ of appellees; that said physician was incompetent, and said hospital was an unfit place for treating a person for injuries such as Herrera sustained, and that he died in said hospital about September 10, 1911; that he would not have died from said injuries except for the unfitness and inadequacy of equipment of such hospital and the neglect of the physician; that by the contract of employment between Herrera and appellees the latter retained a certain per cent. of his salary for the purpose of providing a fund for the maintenance of a proper, fit, and suitably equipped hospital where said Herrera would be skillfully treated by a competent surgeon, to be employed by appellees; that appellees were bound, under the agreement, to furnish such suitable hospital and skillful surgeon, but negligently failed to do so. Plaintiffs sought to recover actual damages in the sum of $30,000.

The plea to the jurisdiction was based upon the fact that it appeared from plaintiffs' petition that the negligent conduct resulting in Herrera's death took place in Mexico; it being further alleged that plaintiffs' cause of action must be tried under the laws of Mexico, and that the laws of said country are so dissimilar to the laws of Texas that the courts of this state ought not to undertake to adjudicate them—the dissimilarities being pointed out, and translated copies of said laws being attached as an exhibit.

The first assignment is a contention that the ruling of the court was erroneous, because the cause of action stated in the petition is based upon the negligence of defendants in not performing their contract obligation to provide proper hospital services and competent surgical attention.

We do not think this allegation can save the petition from the application of the rule laid down in the cases of Railway v. Jackson, 89 Tex. 109, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28; Jones v. Mexican Central Ry. Co., 68 S. W. 186; De Harn v. Railway, 86 Tex. 68, 23 S. W. 381; Slater v. Railway, 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900. The allegations still leave the cause of action as one for negligence resulting in death, and the same statutes of Mexico are urged

as applicable that were urged in the case of Railway v. Jackson, supra.

The second assignment we regard as raising the identical questions disposed of in the case of Railway v. Jackson, and upon the authority of said case the same is overruled.

The third assignment raises the issue that, independently of article 11 of the Penal Code of the republic of Mexico, and of articles 318, 319, and 320 of said Penal Code, book 2, appellants have a cause of action under article 184 of the "Regulations for the Construction, Maintenance and Operation of Railroads," which reads as follows: "Companies (railroad) are liable for the faults or accidents which occur through tardiness, negligence, imprudence or want of capacity of their employés."

Article 208 of the same Regulations reads as follows: "All violations of this law, which companies (railroad) commit, shall be subject to punishment by the administration of a fine up to five hundred dollars, which the Department of Public Works shall assess, reserving always the right of individuals, through indemnity, and the liabilities which the companies may have incurred through criminal acts or omissions committed by them." The meaning of this last article is rather obscure, but we are of the opinion that appellees are correct in their contention that, in order to determine the rights of individuals and the civil liability of the railroad, we must after all turn to article 11 of the Criminal Code. These articles are copied in the opinion in the case of Railway v. Jackson, supra, and our Supreme Court evidently saw no reason for considering the same sufficient to alter the rights of the parties as fixed by the other articles.

Appellants contend earnestly that many of the reasons given by the Supreme Court in said opinion do not apply where suit for negligence causing death is brought, instead of for personal injuries; but after reading said opinion we conclude that there are ample reasons yet remaining to call for the application in this case of the rule therein announced. The court mentioned a number of reasons which would apply to an action for death as well as one for personal injuries, and said in part: "There are many points of dissimilarity between the laws of Mexico, as proved in this case, and the law of this state applicable to the same subject, which we have not mentioned, but those noticed are sufficiently numerous and material to show that the courts of Texas should not undertake to adjudicate the rights of parties, arising under those laws, for torts committed in that country; indeed, as we have shown, they could not properly determine the rights of parties arising under those laws."

In the case of Slater v. Railway, supra, the Supreme Court of the United States, in considering a case where death resulted, stated that it was evident from the Texas cases that our courts would consider the dissimilarities between the laws of Mexico and Texas too great to permit an action in the Texas courts.

The assignment is overruled.

We are of the opinion that there is no merit in the fourth assignment, and the same is overruled.

We believe the ruling of the trial court was in accord with the law as announced by our Supreme Court, and the judgment will therefore be affirmed.

Judgment affirmed.