EL PASO ELECTRIC RY. CO. et al. v. CARRUTH. (No. 914.)

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1919. On Rehearing, Feb. 20, 1919.)

1. APPEAL AND ERROR ⬅️991 — FOREIGN STATUTES—MEANING—QUESTION OF FACT.

Where statutes of a foreign country have been introduced in evidence, and lawyers of long practice in such country have testified as to meaning of sections shown, question of existence of, and abstract meaning of, laws becomes a question of fact to be determined by trial court.

2. APPEAL AND ERROR ⬅️930(3)—ISSUES NOT SUBMITTED TO JURY—PRESUMPTIONS.

Where there was evidence in the record which would support a finding by the trial court that the laws of Mexico were substantially, if not in fact and in effect, the same as the laws in Texas, and the issue was not submitted to the jury, in upholding action of court in taking jurisdiction presumption must be indulged, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, that the court so found in line with such evidence.

3. APPEAL AND ERROR ⬅️757(3)—BRIEF—SETTING OUT EVIDENCE.

An instruction as to damages which limited jury in its award to damages accruing only up to time of trial cannot be held erroneous, where appellant does not state in his brief that there was any evidence that all the damages had not accrued at time of trial.

4. APPEAL AND ERROR ⬅️1033(4)—HARMLESS ERROR—INSTRUCTIONS.

In an action for damages, that trial court did not submit the question of future damages, when in fact it might have done so under the evidence, cannot be complained of by defendant, being more favorable than defendant was entitled to.

5. APPEAL AND ERROR ☞1033(5)—HARMLESS ERROR—INSTRUCTIONS.

In an action for damages from a tort committed in Mexico, defendant cannot complain of an instruction as to contributory negligence on the ground that such defense had no existence in the law of Mexico, the charge being more favorable than defendant was entitled to.

6. COURTS ☞9 — JURISDICTION — CAUSES OF ACTION ARISING IN FOREIGN COUNTRY.

That only one action can be brought in Texas for a tort, and that subsequent actions can be brought in Mexico for damages accruing after trial, does not prevent a Texas court from assuming jurisdiction of action for tort committed in Mexico, and giving judgment for damages accruing before trial.

7. COURTS ☞9—JURISDICTION—TORTS COMMITTED IN FOREIGN COUNTRY.

Under pleadings and evidence in action for damages for tort committed in Mexico, held that it was not necessary to invoke provisions of Acts 35th Leg. c. 156, bestowing jurisdiction upon courts of Texas in cases involving torts committed in foreign countries, to justify court in taking jurisdiction.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by James S. Carruth against the El Paso Electric Railway Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Davis, Goggin & Harrington, of El Paso, and Baker, Botts, Parker & Garwood, or Houston, for appellants.

John T. Hill, of El Paso, for appellee.

HARPER, C. J. This suit was instituted by. James S. Carruth on March 28, 1918, in the Forty-First district court of El Paso county, Tex., against the El Paso Electric Railway Company and the Juarez Traction Company for personal injuries alleged to have been sustained by him in the city of Juarez, republic of Mexico. The accident and injuries to plaintiff occurred in Juarez on or about the 4th day of January, 1916. The plaintiff, at the time of his injury, was in the employ of the Tri-State Telephone Company as a lineman and repairman. The plaintiff alleged the El Paso Electric Railway Company and Juarez Traction Company owned and operated certain electric light lines in Juarez; that a guy wire belonging to the defendants, used to guy one of their electric light poles, became loosened from the ground, came into contact with a transformer and exposed live wire of the defendants on this pole, became charged, and, having come into contact with the guy wire of a telephone pole, when plaintiff attempted to climb the telephone pole in discharge of his duties as such repairman he received an electric current through his body from defendants' wires,

was shocked, burned, thrown to the ground, and seriously injured.

The defendants first interposed a plea to the jurisdiction of the court, setting up that the accident and injury occurred in the state of Chihuahua, republic of Mexico, and that the statutory laws of Mexico governing cases of this character were so dissimilar to those of Texas the courts of Texas should not and would not take jurisdiction, pleading in detail the statutory laws of Mexico governing cases of the character of that set up by plaintiff in his petition. The plea to the jurisdiction was followed by a general demurrer, a general denial, a plea of contributory negligence, and a plea adopting and setting up the facts pleaded in the plea to the jurisdiction in bar of plaintiff's cause of action.

Appellee, by supplemental petition, denies that the laws pleaded by appellants as the laws of Mexico governing the rights of the parties are in fact the laws, and all the laws, of Mexico governing the right of appellee to damages and the measure thereof, and that the laws of torts and negligence in Mexico are substantially the same as those of Texas and the United States, and that a great portion of the law pleaded by appellants as the law governing in this case is in truth the adjective law of Mexico, and is not controlling in determining the right of jurisdiction, but that the substantive law of negligence of the two countries is substantially the same as set forth in appellee's supplemental petition.

The trial court overruled the plea to the jurisdiction, and submitted the case as if the action were for an injury occurring in Texas, except that the questions of mental and physical pain and inability to labor and earn money in the future were not submitted. Submitted to a jury, and upon their verdict judgment was entered for $2,500, from which this appeal.

By several assignments and propositions it is charged that, under the undisputed evidence as to the laws of Mexico, the defendant's plea to the jurisdiction of Texas courts should have been sustained and the cause dismissed (a) because our courts cannot ascertain with sufficient certainty the substantive law of Mexico governing the case; (b) because the laws of the state of Chihuahua and the republic of Mexico are so dissimilar to those of this state covering the right of action, the measure of damages, and the terms of recovery that the courts of Texas cannot and should not enforce them. For these propositions appellant relies upon Railroad Co. v. Jackson, 89 Tex. 107, 33 S. W. 861, 31 L. R. A. 276, 59 Am. St. Rep. 28; Railway Co. v. McCormick, 71 Tex. 660, 9 S. W. 540, 1 L. R. A. 804; De Herrera v. Tex. Mex. Ry. Co., 154 S. W. 594; Slater v. Ry. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900, etc.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered. Digests and Indexes

[1] These were all railway negligence cases resulting in death, and others than the injured party sued, and, so far as the report of these cases show, the laws of Mexico applicable to the facts as pleaded were proved as alleged; and we also note that the articles of the Civil and Penal Codes of Mexico relied upon in those cases are pleaded and proved in this case and are here relied upon as a defense. So, if we were limited in our consideration of the points raised here by that which was in effect conceded to be the law in those cases, our holding must of necessity be the same; but, as indicated in the statement of the pleadings of the appellee, it is denied that the law pleaded and proved by appellant is the law applicable to this case, and has specifically set up other articles of the Civil Code of the state of Chihuahua and of the Mexican republic, alleging that in fact and as construed by the courts they are the same as those of Texas, and in support of this pleading has introduced other sections of the Codes of Mexico in evidence, and in addition introduced the testimony of witnesses who qualified as experts, lawyers of long practice in the republic of Mexico, to the effect that, whilst there is no system of reporting the opinions of the Mexico courts, in fact the true meaning of the sections of the laws in evidence in this case is substantially the same as those of Texas, and that the courts there are authorized to and do so construe them; that certain sections of the law apply only to railways, and others apply to other industrial enterprises, and point out those which gave the cause of action against industrial enterprises such as the defendant in this case, under similar facts. In such cases the question of the existence of and abstract meaning of the laws, as is urged by appellee in a counter proposition, becomes a question of fact to be determined by the court or the jury, as the case may be. It could serve no good purpose to quote these articles of the Mexican Code or the evidence of lawyers adduced, so we will not do so. Sierra Madre Construction Co. v. Brick, 55 S. W. 521; St. Louis & S. F. Ry. Co. v. Conrad, 99 S. W. 209; Slater v. Mexican National R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900.

[2] This case was submitted upon special issues, but the question was not submitted, nor was it requested to be submitted; so article 1985, Vernon's Sayles' Statutes of Texas, applies: " * * * The failure to submit any issue shall not be deemed a ground for reversal. * * * An issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such finding." That the sections of Mexico laws in evidence in this case, and not in evidence in the Jackson and other cases cited by appellant, taken in connection with the testimony of the lawyers of Mexico in evidence, clearly show that the construction placed upon the laws of Mexico and their operation, by these opinions, is not the one placed upon them by the courts of Mexico, is not to be questioned. It is true that the testimony of the lawyers is conflicting; but this simply emphasizes the necessity for a finding of the fact by the court or jury, as the case may be; so this question not having been submitted and not requested, and finding, as we do, that there is evidence in the record which supports a finding by the trial court that the laws of Mexico are substantially, if not in fact and in effect, the same as the laws in Texas, in upholding the action of the court in taking jurisdiction in this case, the presumption must be indulged that he so found in line with this evidence.

[3] By the tenth assignment it is charged that the court erred in submitting the measure of damages, in that the measure prescribed by the charge is not the measure provided by the laws of Mexico. The proposition is that, the trial court having assumed jurisdiction of the cause of action, it must try it (save only as to matters of procedure) in accordance with the law of Mexico, and cannot carve out of the case presented by the pleadings and evidence a portion of the cause of action, and try the same by the law of the former, leaving the other matters of right unadjudicated, because of dissimilarity between the law of the former and that of the foreign country, and the impossibility of reconciling them.

As we understand the point raised, it is that because the court by its charge limited the jury in its award of damages to the mental and physical pain, the loss of time, and loss of money by reason of having been prevented by his injuries from laboring up to the time of trial, and that thereby all the phases of the Mexico laws in evidence were not submitted, and in support of this contention invokes the provisions of articles 317 and 318 of the Mexican Code, which read:

"Art. 317. If the inability of the injured party to devote himself to his accustomed work be permanent, from the moment in which he shall recover and can properly devote himself to other and different work, which shall be lucrative and appropriate to his education, habits, social position and physical constitution, the civil responsibility shall be reduced to paying him the sum which his ability to earn in his new employment falls short of his daily earnings in his former occupation.

"Art. 318. If the blows or wounds cause the loss of any member not indispensable for work, or the person wounded or struck remain otherwise crippled, lamed or deformed, the indemnity shall be up to one-half the amount which is fixed according to article 317."

One of the expert witnesses testified that:

"If all the damages that come up, that are proven at the time of the trial, are ascertained, damages up to the time of the trial and in the future are proved, the judge has the right to determine the matter, settle the matter, with one judgment at the time of the trial."

Appellant does not suggest in his brief that there is any evidence that all the damages had not accrued at the time of the trial. Neither is it suggested that the jury have not in fact arrived at the amount of damages assessed by them with strict observance of the rules quoted. They were in evidence for their guidance. It would seem from the fact of the limitation placed in the charge—submission of only past damages—that the trial court had concluded that the whole of plaintiff's damages had accrued, and that the laws of Mexico authorized the form of charge given; and in this connection we must indulge in the same presumption that is indicated in the discussion of the assignments next above in favor of the judgment.

If he did not conclude that all the damages had accrued, then he could properly, under the interpretation of the Mexican laws given by the witness, quoted, have submitted such future damages as had then by the evidence been definitely ascertained. It is therefore apparent, we think, that it does not necessarily follow that the court did leave any matters unadjudicated, such as future damages, as suggested in the latter part of the proposition.

[4] Besides, the fact that the trial court did not submit the question of future damages, when in fact he might have done so, under the evidence of the witness quoted, is not a matter that appellant may complain of here, because if the facts justified such a charge, and the court failed to give it, appellant has simply had a more favorable charge than he was entitled to—therefore cannot be heard to complain.

[5] The eighth objects to the definitions given in the charge of the court of negligence and of contributory negligence, based upon the proposition that his right of recovery and the measure of his damages are controlled by the laws of Mexico, and the case should have been submitted to the jury under such laws and not under the laws of Texas. We have been unable to discover anything in this record that discloses that a different meaning has been placed upon these terms in Mexico than in Texas, and appellant has not suggested any. It is in evidence, by answer to a hypothetical question of one of the attorneys of Mexico who testified, that the facts of this case constituted negligence under the Mexico law for which defendant would be liable. If the defense of contributory negligence has no existence in the law of Mexico, then again defendant cannot complain, because he had a more favorable charge than he was entitled to. But it would seem that this is more nearly a question of remedy than of substantive law applicable to the rights of the parties under the facts.

[6] By the ninth it is again contended that the trial court should not have assumed jurisdiction because a judgment here in no way bars another suit for damages in Mexico.

The propositions are that (a) "the laws of Mexico embrace items of damages which cannot be considered by our courts"; and (b) "that successive suits for damages growing out of the same accident, particularly in cases where damages develop after the conclusion of the original suit, may be brought"; citing article 306, which one of the Mexican lawyers construed to mean: "Under that provision if the judgment rendered in the first suit only refers to the damages up to the time of that judgment, and if it should appear that there are subsequent damages arising from the same cause, the party is permitted to bring a new suit for additional damages." The exact point here, also, is that this provision for a suit for additional damages in Mexico makes the provisions of the laws of Mexico so dissimilar as that the courts here should not attempt to enforce them. If we are correct in the holding above that the court did not err in submitting to the jury, only the amount of damages that had accrued up to the time of trial, because such is permitted under the Mexican law, then to that extent the trial court has not deviated from the Mexican law; hence not erroneous, for because perchance he may have another try for additional damages by another suit in Mexico upon a cause of action which we would not here recognize under the laws of Texas is no reason why we should not enforce his cause of action in so far as it finds its support in the Mexico law. As was said in Mexico Cent. Ry. Co. v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282: "We are not willing to * * * extend the scope of the decision cited [which holds that the Texas courts would not take jurisdiction] beyond the purview of the facts" therein recited.

[7] In answer to the fifth and sixth, we are of the opinion that, under the pleadings and evidence in this case, it is not necessary to invoke the provisions of the act of 35th Legislature of Texas, c. 156, which has reference to bestowing jurisdiction upon the courts of Texas in cases involving torts committed in foreign countries to justify the action of the trial court in taking jurisdiction of this action. Therefore there was no necessity for him to prove that he was a citizen of this state in order to maintain it.

Believing that the record presents no error, the assignments are overruled and cause affirmed.

On Rehearing.

We were in error in stating that the Jackson and other cases cited were cases resulting in death; so this expression is withdrawn.

We simply intended to note the fact that, under the testimony of the expert witnesses, certain sections of the Mexico Codes applied to railway companies and others to other industrial enterprises in cases of torts, and that those applicable to the latter permit a recovery to persons negligently injured, and that under the evidence it became a question of fact whether the laws in evidence permit a recovery in this case, and that, the question not having been submitted nor requested to be submitted, we must presume, under our statute, that it was resolved in favor of the judgment.

The motion is overruled.