## EL PASO & JUAREZ TRACTION CO. v. CARRUTH. (No. 464–3368.) *

(Commission of Appeals of Texas, Section A. Oct. 31, 1923.)

Courts ⊂⇒9—Laws of Mexico where accident occurred held so different from laws of forum as to require dismissal for want of jurisdiction.

The employee of a traction company was injured in the state of Chihuahua, Mex., through coming in contact with a charged guy wire. Complete Texas Stat. 1920, art. 7730½ (Vernon's Ann. Civ. St. Supp. 1918, art. 7730½), declares that the lex loci delictus determines the nature of the cause of action and the extent of recovery. *Held* that the laws of Mexico pertaining to the action were so different from the laws of Texas as to require a dismissal of the case for want of jurisdiction.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by James S. Carruth against El Paso & Juarez Traction Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (208 S. W. 984), and defendant brings error. Reversed, and case dismissed in accordance with the recommendation of the Commission of Appeals.

Davis & Goggin, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for plaintiff in error.

Jno. T. Hill, of El Paso, for defendant in error.

GERMAN, J. On January 4, 1916, defendant in error, James S. Carruth, was injured while in the employ of the Tri-State Telephone Company, the accident resulting in injury occurring at Juarez, state of Chihuahua, Mex. The injury resulted by Carruth coming in contact with a guy wire charged with electricity, and the evidence, as tested by the laws of this state, is sufficient to charge plaintiff in error with negligence to such extent as to make it responsible for the injury. Plaintiff in error is a Texas corporation, with its office in the city of El Paso, and is doing business in Mexico under some kind of concession from the state or federal government. The proof is sufficient to show that defendant in error is a citizen of this state.

Suit was brought in the district court of El Paso county, Tex., and, on a trial before a jury, judgment for $2,500 was rendered in favor of defendant in error. This judgment was affirmed by the Court of Civil Appeals. 208 S. W. 984.

The plaintiff in error in the trial court filed a plea to the jurisdiction of the court, based upon the contention that the laws of the state of Chihuahua and of the republic of Mexico fixing the rights of a party to recovery for an injury of this kind, and the measure of damages, are so dissimilar to the laws of this state in like matters that the courts of this state should not and cannot enforce the same. In support of this contention plaintiff in error pleaded many excerpts from the Penal and Civil Codes of Chihuahua and Mexico. Defendant in error likewise pleaded that certain sections of the Codes were applicable to a case of this kind. Testimony of Mexican lawyers was heard, and much of the written law used in the courts of Mexico was introduced in evidence. On the whole there is but little dispute as to the sections of the laws which are applicable to a case like this, or the interpretation placed thereon by the different Mexican lawyers. As to some of the sections there was a slight diversity of opinion.

In 1917, the Legislature of this state enacted the following law, which is article 7730½ of Vernon's Complete Statutes of 1920 (Vernon's Ann. Civ. St. Supp. 1918, art. 7730½):

"That whenever the death or personal injury of a citizen of this state or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any such foreign state or country for which a right to maintain an action, and recover damages thereof is given by the statute or law of such foreign state or country, such right or action may be enforced in the courts of this state within the time prescribed for the commencement of such actions by the statute of this state, and the law of the forum shall control in the prosecution and maintenance of such action in the courts of this state in all matters pertaining to the procedure."

This article was construed by this section of the Commission in the case of Jones v. Louisiana Western Railway Company, 243 S. W. 976, and it was there held that it is the cause of action given by the laws of the country where the injury occurred that our courts are authorized to enforce. This statute merely declared what had theretofore been the universal rule, that the lex loci delictus must determine the nature of the cause of action, and the extent of the recovery, while the forms of remedies and the mode of pursuing same are determined by the law of the forum. Therefore, if this article is applicable to a cause of action arising prior to its enactment, it merely declares what had been the rules of our courts theretofore.

Heretofore in all cases for wrongful death or personal injuries occurring in the republic of Mexico, in which the laws of that republic have been alleged and proven, the courts of this state have consistently refused to entertain a suit for the recovery of damages for such death or injury, because the laws

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied January 16, 1924.

of Mexico giving the cause of action and providing for its enforcement are so materially different from the laws of our state relating to torts that the courts of Texas cannot undertake to adjudicate the rights of the parties. Railway Company v. Jackson, 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28; Jones v. Railway Co. (Tex. Civ. App.) 68 S. W. 186 (writ denied); De Herrera v. Railway Co. (Tex. Civ. App.) 154 S. W. 594 (writ refused), 156 S. W. xv; Slater v. Railway Company, 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900. This has become the settled policy of the courts of this state, and we are of the opinion that, when the pleadings and evidence disclose that the laws of Mexico pertaining to such actions are now substantially what they have heretofore been, the court should dismiss the case for lack of jurisdiction.

It is wholly unnecessary for us to discuss in detail the evidence relating to the laws of Mexico applicable to this case. It is sufficient to say that the witnesses for defendant in error admitted that several of the articles of the Mexican Codes which are copied into the opinions in the Jackson and Jones Cases, and which are absolutely essential to the creation and enforcement of this cause of action, are in force in Chihuahua. In the Jackson Case the Supreme Court has shown wherein these articles are so materially dissimilar to our laws as to be incapable of enforcement or application by our courts.

Defendant in error seeks to avoid the result of the decision in the Jackson Case, because that was a case in which a railway company was a party. However, the undisputed testimony shows that several of the articles referred to in the Jackson Case apply to industrial organizations as well as to railway companies. He also contends that the question of the similarity or dissimilarity of the laws of Mexico was one of fact, and it will be presumed that the trial court found that they were similar to our laws, in the absence of a special request for this issue to be submitted to the jury. We do not think this presumption should be indulged, because it would be directly in conflict with a large part of the testimony of defendant in error's own witnesses. It is true there is some testimony from which it might be concluded that some parts of the laws were not materially different from our laws, but it cannot be said that such parts furnish a complete cause of action. On the other hand, the testimony of defendant in error's own expert witnesses shows that practically every section or article of the law upon which the substantive rights of the parties rest are identical with those proven and considered by the court in the Jackson Case.

The evidence further shows that there are courts at Juarez having jurisdiction of this matter, and they have at all times been open for business. The property of plaintiff in error was also there at the time of the trial, and, as pointed out in the Jackson Case, no good reason existed why the defendant in error could not proceed to enforce his rights in the courts authorized to administer the laws of Mexico.

We recommend that the judgment of the Court of Civil Appeals and the district court be reversed and the cause dismissed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment here rendered dismissing the case.