SHAFER v. SWIFT et al.  (No. 6615.)

(Court of Civil Appeals of Texas. Austin. Oct. 17, 1923.)

1. Pleading ⬧⬧⬧111—Controverting plea to plea of privilege sufficient without repeating allegations of pleadings referred to.

Under Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), requiring controverting pleas to pleas of privilege to set out specifically the facts relied upon, such a plea is sufficient if it refers to the pleadings of the case for allegations of fraud upon which venue is based under article 1830, subd. 7, without repeating them.

2. Appeal and error ⬧⬧⬧837(4)—Appellate court could not determine sufficiency of controverting plea referring to unfiled pleadings for fraud allegations.

Under Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), requiring controverting pleas to pleas of privilege to set out specifically the facts relied upon to confer venue, the appellate court could not determine the sufficiency of allegations of fraud in a controverting plea referring for its allegations to pleadings not on file.

3. Pleading ⬧⬧⬧111—Controverting plea to privilege plea referring to abandoned pleadings for fraud held insufficient.

Under Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), requiring controverting pleas to pleas of privilege to set out specifically the facts relied upon to confer venue, such plea referring to abandoned pleadings for allegation of fraud was insufficient.

4. Venue ⬧⬧⬧70—Failure to introduce pleadings referred to in controverting affidavit held to render testimony insufficient to support finding as to place of fraud.

Where, on the hearing of a plea of privilege, the controverting pleas referred to certain abandoned pleadings for its allegations of fraud, and no other testimony supported the pleas, plaintiff's failure to introduce such pleadings rendered the testimony insufficient to sustain finding of place of fraud, upon which venue based, in view of Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), requiring controverting pleas to pleas of privilege to set out specifically the facts relied upon to confer venue.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Action by J. B. Swift and others against C. P. Shafer. From an order denying his plea of privilege, defendant appeals. Reversed and rendered, with instructions.

J. H. Hooker, of McGregor, McClellan & Cross, of Gatesville, and Kyle Vick, of Waco, for appellant.

T. R. Mears, of Gatesville, for appellees.

BLAIR, J. This is an appeal from an order overruling a plea of privilege filed by C. P. Shafer, in which he contends that he should be sued in the county of his residence, which is McLennan county. Appellees sued appellant in the district court of Coryell county, alleging that he lived in McLennan county, Tex., to cancel three notes executed by appellees, and payable to appellant, aggregating the sum of $2,000, and, further, for the recovery of the sum of $260, which amounts were agreed to be paid for a grain-threshing outfit, sold by appellant to appellees. It is alleged that the sale was made conditional that the machine would function properly for the purposes for which it was sold; and also that appellant had made false representations as to what the machine would do; and numerous other allegations that the machine would not do, or fulfill the representations of appellant.

R. L. Roach, of McLennan county, was made a party to the suit, because he had purchased the notes in question from appellant. Appellees allege, however, that he bought them after maturity, and in aid of appellant in his conspiracy to defraud appellees in an attempt to get the notes in the hands of an innocent purchaser. Both Roach and Shafer filed pleas of privilege to be sued in McLennan county, the admitted county of their residence. Thereupon appellees filed the following controverting affidavit omitting formal parts:

"Comes now J. B. Swift and A. J. Clearman, plaintiffs in this cause, and after being by me duly sworn, deposes and says in this their controverting plea of privilege filed in this cause by both said defendants, C. P. Shafer and L. R. Roach, and for such controverting plea shows that their cause of action against said defendants is based on fraud alleged to have been committed in Coryell county, Texas, that said plaintiffs charge in their first original amended petition now on file in said cause that said notes were obtained through false and fraudulent representation on the part of C. P. Shafer and that the defendant, L. R. Roach, was a coconspirator in said fraud and that he is attempting through the further conspiring and fraud to aid and assist the said defendant in the furtherance of said fraud by asserting that he owns an interest in said notes and charges that same is a part of the conspiracy of said defendants in practicing said fraud on these said plaintiffs which was done in Coryell county, Texas, and further charges that L. R. Roach was a party to said fraud.

"Defendants having been served with a cer-

tified copy of the original petition of plaintiffs; that they have full knowledge of all allegations of plaintiffs in said cause.

"Witness our hands, this the 14th day of January, A. D. 1922.  A. J. Clearman.
          "J. B. Swift.

"Sworn and subscribed to before me this the 14th day of January, A. D. 1922.
 "[Seal.]    Watt L. Saunders,
  "Notary Public, Coryell County, Tex."

Oral evidence was introduced in support of the controverting affidavit as to the representations, and where they were made; and the trial court, upon request, filed his findings of fact that a fraud had been committed upon appellees in Coryell county, Tex. by appellant, and therefore held that under subdivision 7 of article 1830 of the Revised Statutes they were entitled to maintain the suit in Coryell county. Neither appellees' original petition, their first amended original petition, nor their second amended original petition was introduced in evidence; nor do the first two above named appear in the transcript of the record. The second amended original petition is shown in the transcript.

[1] Appellant, by his first three assignments of error, complains that the controverting plea of appellees was insufficient to meet the requirements of article 1903, as amended by act of the Legislature 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]):

First. Because it is contended that the controverting plea itself must allege facts conferring venue in the county where the suit is filed, even though such would be repetition of the jurisdictional facts alleged in the petition. Upon this point the Courts of Appeal seem to differ; the Courts of Civil Appeals at Beaumont and Fort Worth having heretofore held with the contention of appellant, while our own court, in two opinions heretofore written by Mr. Justice Brady, in the cases of Gottlieb v. Dismukes, 230 S. W. 793, and Bank v. Childs, 231 S. W. 808, has held contrary to appellant's contention, to the extent that, where the plea has attached to or reference is made to the pleadings in the case for the allegations of fraud' upon which venue is based, it is sufficient to comply with the statute which requires the act or acts of fraud to be specifically alleged. In the cases of Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984, and Ray v. Kimball (Tex. Civ. App.) 207 S. W. 351, the contrary of the above is apparently held to be the law by the Fort Worth and Beaumont courts.

We prefer to adhere to the opinion announced by Mr. Justice Brady, to the effect that, where the controverting plea refers to or adopts as a part of it the petition filed in the case as to its allegation of a specific fact or facts of fraud, the statute is, in effect, complied with, in that it specifically sets out the fact or facts relied upon to confer

jurisdiction. However, taking this case as a specific example, it seems that the safer practice would be to make the specific allegation of the fact or facts of fraud on which venue is sought to be obtained in the controverting plea, since no error could then be predicated upon a reference to the wrong pleading, and upon a failure to introduce the pleading referred to in support of the allegation in such controverting plea.

[2] Second. Because it is contended that the controverting plea is insufficient when it only alleges, in general terms, that the suit was based on fraud. Appellant further contending that to be sufficient it should show allegations of materiality, intent, and knowledge on the part of the litigant charged with fraud. We are inclined to agree with this contention, but do not think it necessarily applies to this case, since we do not have the original nor the first amended original petition in the record, being the petitions referred to by appellees in their controverting plea; therefore we cannot determine if a sufficient allegation of fraud was made.

[3] Third. Because it is contended that a controverting plea, filed in response to a plea of privilege, which depends for the sufficiency of its allegation of fraud upon a reference to the allegation contained in the original and the first amended original petitions filed in the case, both of which had been abandoned by the filing of a second amended original petition, is insufficient, and does not comply with the terms of the article 1903, which requires controverting pleas to set out specifically the facts relied upon to confer venue. We are of the opinion that a reference in a controverting plea to abandoned pleadings for allegations of fraud, upon which it is sought to base venue, is not sufficient, and does not comply with the article above referred to.

[4] We also sustain appellant's fourth assignment of error, in which he contends that, appellees relying upon their original and first amended original petition for their allegations of fraud, and having failed to introduce either of said petitions in evidence to establish the nature of their cause and the allegations of fraud, the testimony was insufficient to support the ruling of the court that fraud had been perpetrated upon the appellees in Coryell county. There is no way for this court to determine whether or not the allegations of fraud contained in the original petition and the first amended original petition were sufficient, since we do not have them either in the evidence or in the transcript of record herein filed. The only record evidence which we do have is the controverting plea of appellees and the original plea of privilege filed by Shafer and Roach. A failure to introduce in evidence the pleadings referred to and relied upon for allega-

tions of specific facts of fraud to confer venue is error, since this court has no other way than by a reference to such pleadings to determine the sufficiency thereof, as well as the fact that any such fact or state of facts were actually alleged. Montgomery v. Turner (Tex. Civ. App.) 233 S. W. 544.

Appellant presents three more assignments of error in his brief, in which he contends that the allegations of fraud and the proof thereof are absolutely insufficient to confer jurisdiction. But, having disposed of this case upon the first four assignments of error, and believing that the particular facts in this case would be of no interest or benefit to litigants, we therefore do not write on them.

We are of the opinion that this case should be reversed and rendered, with instructions to the trial court to transfer the cause to the district court of McLennan county, being the Nineteenth judicial district.

Reversed and rendered, with instructions.