**PENIX v. DAVIS et al.   (No. 6788.)**

(Court of Civil Appeals of Texas. Austin. July 2, 1924.)

**1. Pleading ⊜111—Controverting plea or affidavit must itself allege facts conferring venue.**

Controverting plea or affidavit must itself allege facts conferring venue in county in which suit is filed, even though such would be a repetition of jurisdictional facts alleged in petition under Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

**2. Pleading ⊜111—Controverting plea or affidavit may refer to pleadings in case if they allege facts necessary to hold venue.**

If controverting plea or affidavit refers to and makes pleadings in case a part thereof, there is compliance with Vernon's Ann. Civ. St. Supp. 1918, art. 1903, as to necessary allegations of fact conferring venue, provided pleadings allege facts necessary to show venue under particular exception fixed by Rev. St. art. 1830.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Pleading ⬡⟿111 — Controverting plea held not to state facts necessary.**

Allegation in controverting plea "that this is a suit for salary and expenses" against resident and nonresident defendants, together with plea of Rev. St. art. 1830, subd. 4, did not allege facts showing plaintiff entitled to joint recovery, as required by Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

**4. Pleading ⬡⟿111—Party controverting plea of privilege must prove necessary facts to confer venue under particular exception to statute.**

Party controverting plea of privilege must prove necessary facts to show venue under particular exception to Rev. St. art. 1830.

**5. Pleading ⬡⟿111 — Incumbent upon party controverting plea of privilege to bring case clearly within statute.**

It was incumbent upon plaintiff in suit for salary and expenses, when controverting plea of privilege, to allege and prove that he had joint cause of action against all defendants to bring his case clearly within Rev. St. art. 1830, subd. 4, or at least cause of action against resident defendant must grow out of same transaction and be so intimately connected with cause of action alleged against nonresident that they should be joined under rule intended to avoid multiplicity of suits, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

Appeal from Tarrant County Court; H. P. Gossett, Judge.

Action by F. R. Davis against W. H. Penix and others. From an order overruling plea of privilege, named defendant appeals. Reversed and rendered, with instruction to transfer cause.

Penix, Miller & Perkins, of Mineral Wells, for appellant.

R. R. Owen, of Corsicana, for appellee Davis.

BLAIR, J. This is an appeal from an order of the county court of Tarrant county, Tex., overruling a plea of privilege filed by appellant, W. H. Penix, to be sued in Palo Pinto county, Tex. The plea was in due form, as required by article 1903, Vernon's Sayles' Statutes 1918, and was duly controverted by appellee F. R. Davis, plaintiff in the trial court, in accordance with the provisions of said article. This controverting answer or affidavit, omitting formal and immaterial parts, reads:

"That this is a suit for salary and expenses filed by plaintiff against Hattie Spencer, administratrix of the Geo. Kreps estate, and her husband, C. I. Spencer, who reside in Tarrant county, Tex., and against W. H. Penix, who resides in Mineral Wells, Palo Pinto county, Tex., and that the venue of this suit in Tarrant county, Tex., is conferred by paragraph 4, article 1830, chapter 4, title 37, Vernon's Sayles' Revised Statutes of Texas, stating, 'Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where one of the defendants reside.' "

A hearing was had on the plea of privilege as provided in said article 1903, supra, at which time appellee Davis, in support of his controverting plea, testified:

"My name is F. R. Davis. I reside now at Fort Worth, Tarrant county, Tex., but formerly resided at Ardmore, Okl. I am the plaintiff in the case of F. R. Davis v. Hattie Spencer, Administratrix, No. 21192, pending in this court. I am acquainted with the defendants Hattie Spencer and her husband, C. I. Spencer. They reside in Tarrant county, Tex., about nine miles northwest of the city of Fort Worth."

This was the only testimony adduced, and thereupon the trial court overruled the plea of privilege, from which order this appeal is duly perfected. This action of the trial court is attacked upon two grounds: First, that the controverting answer or affidavit is not sufficient to show venue in Tarrant county, because no facts are alleged in the plea sufficient to establish a joint cause of action against appellant and the resident defendants for the salary and expenses sought to be recovered, which appellant insists is necessary to hold venue in this case under the particular subdivision of the statute relied upon by appellee Davis, for an exception to the general rule laid down in article 1830, R. S.; and, second, that appellee Davis failed to meet the burden cast upon him in support of his controverting plea to show that the cause of action asserted was one for which both the resident and nonresident defendants were jointly liable, and therefore within subdivision 4 of article 1830, which provides, omitting formal and immaterial parts:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides."

The particular portion of article 1903, Vernon's Sayles' Statutes 1918, involved in this appeal, reads:

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

[1, 2] We are of the opinion that both grounds asserted as error by appellant should be sustained. In the construction of this article as to what the controverting plea contesting a plea of privilege should allege this court and several other Courts of Civil Appeals have held that the controverting plea or affidavit must itself allege facts conferring venue in the county in which the suit is filed, even though such would be a repetition of the jurisdictional facts alleged in the petition. This court has held in this con-

nection that, if the controverting plea or affidavit refers to and makes the pleadings in the case a part thereof, such is a compliance with this particular statute as to the necessary allegations of fact conferring venue, provided such pleadings allege facts necessary to hold venue under the particular exception to the venue fixed by article 1830, R. S., and relied on to defeat the plea of privilege. Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 793; Bank v. Childs (Tex. Civ. App.) 231 S. W. 808; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984; Ray v. Kimball Co. (Tex. Civ. App.) 207 S. W. 351; Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309.

[3] No reference was made in the controverting plea filed in this case to the pleadings, nor were the facts pleaded proved; nor was the petition itself introduced in evidence. The only allegation relied upon by appellee as holding venue is "that this is a suit for salary and expenses" against the resident and nonresident defendants, and further pleaded subdivision 4 to article 1830, supra. We submit that these allegations cannot be construed to allege facts showing appellee Davis entitled to a joint recovery against both the resident and nonresident defendants. In truth, it alleges no facts, but merely describes the nature of appellee Davis' cause of action as being one for salary and expenses. So, looking to the allegations of fact in the controverting plea filed in this case, we must conclude upon the authorities above cited that it was insufficient, and the court erred in refusing to sustain the plea of privilege. Some of the Courts of Civil Appeals, in construing this article as to the sufficiency of the allegations of fact conferring jurisdiction, have looked to the pleading for such allegations; but the opinions do not disclose if the pleadings were made a part of the controverting plea by reference or by attachment, and we therefore pretermit an examination of the petition in this case, which appears in the transcript, as to whether it alleges facts constituting a joint cause of action against the resident and nonresident defendants.

[4] Whatever may be the rule as to whether the controverting plea should in itself contain allegations of fact conferring venue, or that the pleadings may be looked to for these allegations, it is well settled that the party controverting the plea of privilege must prove the necessary facts to confer venue under the particular exception to article 1830. In the case of Richardson v. Cage, 252

S. W. 749, being the only case we find in which the Supreme Court or the Commission of Appeals have construed the particular exception to article 1830 involved here, the Commission has this to say:

"It is required of him [the party controverting the plea] to allege and prove the facts necessary to clearly bring his case under the particular exception claimed by him as authority for the action. * * * In a case, as here, where the plaintiff attempts to allege a cause of action against one defendant, relying upon the existence of that cause of action as a basis to maintain his suit in the county where it is brought against another defendant who does not reside in that county, he being in possession of the proof upon which he relies to establish that cause of action, we think the rule ought to be that in the trial on the plea of privilege he should be required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, or the plea should be sustained. However, whether that rule be applied here or not, it is well settled that in order to bring a case within the operation of exception 4 to article 1830, and thus acquire jurisdiction over a defendant outside his county, the pleadings of the plaintiff must clearly show a cause of action against the resident defendant."

[5] Appellee Davis did not pretend to make proof of any fact conferring jurisdiction, except the one fact of the residence of two of the defendants in the county where the suit was filed. It was incumbent upon him to allege and prove that he had a joint cause of action against all defendants to bring his case clearly within subdivision 4 of article 1830, or at least the cause of action alleged and proved against the resident defendant must grow out of the same transaction, and so intimately connected with the cause of action alleged against the nonresident defendant that they should be joined in the same suit under the rule intended to avoid a multiplicity of suits. Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; article 1903, Vernon's Sayles' Statutes 1918; Richardson v. Cage (Tex. Com. App.) 252 S. W. 747; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577; Eyres v. Bank (Tex. Civ. App.) 223 S. W. 269; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715; Bank v. Gates (Tex. Civ. App.) 213 S. W. 720.

For the reasons above stated, this cause is reversed and here rendered, with instruction to the trial court to transfer the cause in accordance with the plea of privilege filed.

Reversed and rendered, with instruction.