### JACOBSON v. BERWICK.  (No. 1435.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 11, 1926. Rehearing Denied Jan. 5, 1927.)

1. Pleading ☞111—Affidavit which failed to specifically state facts showing court's jurisdiction or to refer to petition held insufficient to controvert plea of privilege (Rev. St. 1925, art. 2007 [1903]).

In action for injuries alleged to˙ have been caused by negligently obstructing river by pontoons, defendant's plea of privilege held insufficiently controverted by affidavit, under Rev. St. 1925, art. 2007 (1903), which claimed action was for trespass committed in county where suit was brought, but failed to set up facts relied upon to confer jurisdiction or to incorporate or refer to allegations of fact in petition.

2. Pleading ☞111—Facts establishing venue in affidavit controverting plea of privilege must be alleged directly or by reference to petition or by attaching petition as exhibit (Rev. St. 1925, art. 2007 [1903]).

Allegations of facts conferring jurisdiction on court where suit was filed must, to controvert plea of privilege, under Rev. St. 1925, art. 2007 (1903), be contained in controverting affidavit, or be made a part of affidavit by reference to facts alleged in petition or by attaching petition to controverting affidavit as exhibit.

3. Pleading ☞111—Controverting plea of privilege did not, in action for injuries, show action complained of was trespass, where facts constituting trespass were not set out (Rev. St. 1925, art. 1995. [1830] subd. 9).

In action for personal injuries alleged to have been caused from negligent formation of pontoons over river, in which defendant filed plea of privilege, controverting plea, which merely alleged in general terms that cause of action was founded on trespass, held insufficient to show trespass, within meaning of Rev. St. 1925, art. 1995 (1830), subd. 9, which makes trespass exception to rule that party must be sued in county of residence.

4. Pleading ☞111—As against plea of privilege, plaintiff must allege and prove facts bringing him within exception claimed (Rev. St. 1925, art. 1995 [1830]).

Where privilege to be sued in county of residence is pleaded, party controverting plea, attempting to show cause of action is within exceptions to general rule that party must be sued in county of residence, under Rev. St. 1925, art. 1995 (1830), must allege and prove facts necessary to bring plaintiff clearly within exception claimed.

5. Venue ☞8—Petition alleging injury from being thrown against pontoons formed across river held not to state cause of action for trespass making defendant suable, where trespass occurred (Rev. St. 1925, art. 1995 [1830], subd. 9).

In action for. injuries sustained through forming pontoons over˙river against which pontoons plaintiff was thrown when engine in motor launch went dead, facts alleged in petition aside from consideration of sufficiency of controverting affidavit held insufficient to state cause of action for trespass, which, under Rev. St. 1925, art. 1995 (1830), subd. 9, was made exception to general rule that defendant must be sued in county of residence, defendant having interposed plea of privilege.

6. Venue ☞8—Mere negligent act or omission does not of itself constitute trespass as regards venue (Rev. St. 1925, art. 1995 [1830], subd. 9).

To constitute trespass within meaning of Rev. St. 1925, art. 1995 (1830), subd. 9, permitting defendant to be sued where trespass occurred, act from which injury flowed must have been wrongful; mere negligent act or omission of duty being insufficient to constitute trespass.

#### On Motion for Rehearing.

7. Pleading ☞409(1)—Plea of res adjudicata as to order affecting venue held waived where record and pleadings indicated plea had not been insisted on.

Where on former trial of action plea of privilege had been allowed, nonsuit being taken, on second ˙filing of suit for same cause in same county, defendant held to have waived plea of res adjudicata, where record and pleadings indicated defendant had not insisted upon plea.

8. Pleading ☞111—Controverting plea did not sufficiently refer to facts giving jurisdiction by mere reference to˙ nature of cause set forth in petition (Rev. St. 1925, art. 2007 [1903]).

In action for personal injuries claimed to have arisen from trespass, allegations in affidavit controverting plea of privilege to be sued in county of residence held insufficient to make allegations of petition part of controverting plea, where merely alleging that cause of action as set forth in petition was founded on trespass and that foundation of suit was for trespass as

alleged in petition; specific setting out of facts being required by Rev. St. 1925, art. 2007 (1903).

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Action by Joe Berwick against John Jacobson. From an order overruling defendant's plea of privilege to be sued in the county of his residence, defendant appeals. Reversed and remanded, with instructions.

Smith, Crawford & Sonfield, of Beaumont, for appellant.

Thos. N. Hill, of Beaumont, for appellee.

O'QUINN, J. This is an appeal from an order overruling appellant's plea of privilege to be sued in Galveston county, the county of his residence. Appellee sued appellant in the district court of Jefferson county, alleging that appellant resided in Galveston county, Tex., to recover damages for personal injuries claimed to have been sustained by appellee resulting from the alleged wrongful and negligent acts of appellant, amounting in law to trespass.

Appellee alleged that appellant was a contractor engaged in filling in and building up what is known as Kirby Island in the Neches river near the city of Beaumont, with material obtained from the bottom of the Neches river by means of a dredge and pontoons and other machinery, which were located partly on said island and partly in said river; that in the operation of the dredge boat appellant had constructed on the Neches river from said island a series of pontoons upon which lines of dredge pipe were laid, which lines of dredge pipe were used for carrying the material taken from the bottom of the river and depositing same upon the island; that "defendant in laying said pontoons and dredge pipe on the Neches river, as aforesaid, wrongfully, willfully, negligently, and unlawfully so constructed and extended said line of pontoons and dredge pipe that said lines extended and reached almost, if not entirely, across said Neches river, leaving but a short and inadequate space between the extreme eastern line of said pontoons and the west bank of said river for the passage of launches and small row boats, and the defendant so negligently and wrongfully obstructed the river with said pontoons and dredging pipe that it was dangerous for any one operating a launch or other boat, especially when the river was swollen, to pass between said dredging lines and pontoons and the bank of the river; and plaintiff alleges that said line of pontoons and said pontoons and dredging pipe were so wrongfully, negligently, and unlawfully constructed and extended that it made it dangerous to operate a launch or other small boat either above or below said river, in that by reason of the negligent and wrongful act of the defendant in obstructing said river there was great danger of any launch or small boat being thrown upon or washed against said pontoons or dredging lines."

Appellee further alleged that on the day the injury occurred he was proceeding up the river in a launch from his place of business, situated below the dredging line and pontoons, and passed between the pontoons and the river bank, and that when he was some 100 yards above the pontoons the engine in his launch went dead and his launch became unmanageable; that the river at said time was swollen and the current swift; and that he rapidly drifted down the river to, and was violently thrown upon, said pontoons, by reason of which he suffered serious, painful, and permanent injuries; that his injuries resulted directly and approximately from the fact that appellant had unlawfully and negligently so constructed the pontoons and dredging lines as to practically obstruct the entire width of the river and had not allowed enough room for launches, vessels, and boats of that nature to pass between the end of the pontoons and the river bank; that if it had not been for said obstruction, when appellee's engine went dead and his boat began to drift, he could have safely guided same down the river and would not have suffered his alleged injuries; that said obstruction was in violation of the laws of the United States and of the state of Texas, wherefore appellant was a trespasser upon the rights of appellee, who had a right to use said river and channel; that appellant and his agents and servants were on said dredge boat and on said pontoons and saw appellee floating down with the rapid current, and that he was in imminent danger of being thrown upon said pontoons and injured, and that they had ample time and means to have rendered him assistance and to have prevent him being injured, by opening said pontoons and letting him pass through, but failed to do so, and allowed him to collide with said pontoons, which was the proximate cause of his said injuries, by reason of which he suffered damage in the sum of $10,000, for which he sued.

Appellant filed his plea of privilege to be sued in the county of his residence, which was admitted to be Galveston county. Thereupon appellee filed the following controverting affidavit, omitting formal parts, viz.:

"Now comes the plaintiff, Joe Berwick, in the above numbered and entitled cause, and by way of traversing and controverting the plea of privilege filed herein by the defendant, John Jacobson, on the 8th day of December, 1924, and shows to the court that said plea of privilege should not be sustained, and that this court has jurisdiction of this cause for the following reasons, to wit:

"Because plaintiff's cause of action as set forth in his original and first amended original petition is founded upon a trespass alleged to

have been committed by said defendant, John Jacobson, on the rights of the plaintiff upon which a civil action in damages lies and for which suit may be brought in the county where said trespass was committed, and that said trespass was committed in the county of Jefferson and state of Texas or in the county of Orange, state of Texas, same having been committed on the Neches river, the dividing line between said counties, which gave jurisdiction of this cause to either county; that under article 1830, Complete Statutes of Texas, where the foundation of a suit for a trespass such as has been alleged by plaintiff in his petition as committed by the defendant, the suit may be brought in the county where such a trespass is committed; and if committed on a river or water course which is the dividing line between two counties, it may be brought in the courts of either county.

"Because it is not true, as set forth in defendant's plea of privilege, that this suit does not come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in any county other than Galveston, for the reason that this suit and cause of action falls within exception No. 9, which makes an exception as to a cause of action founded on a trespass, said exception being found in article 1830, and also article 2308, of the Revised Statutes of the state of Texas."

Appellant filed answer to appellee's controverting affidavit, consisting of general and special exceptions and a special plea of res adjudicata.

The only evidence given upon the hearing on the plea of privilege and the controverting affidavit consisted of appellee's testimony that the accident occurred on the Neches river at a point where same was the line between Jefferson and Orange counties; that when the engine of his launch went dead he floated down the river and collided with the obstruction formed by the pontoons placed there by appellant, and that his injuries resulted from said collision; and that the accident occurred on May 23, 1923. On the part of appellant, permit from the government to do the dredging and filling in the manner shown was introduced. Neither the original nor the amended original petition of appellee was introduced in evidence, and the original petition is not in the transcript.

Appellant complains that the controverting affidavit was insufficient to meet the requirements of article 2007 (1903), Revised Statutes 1925—

[1] 1. Because, it is contended, the controverting plea itself must allege facts conferring venue in the county where the suit is filed, even though such allegations would be a repetition of the jurisdictional facts alleged in the petition. This contention is sustained. The rule seems to be well settled that the controverting affidavit is not sufficient unless it alleges specifically the facts relied upon to confer jurisdiction of the cause in the court where the suit is filed. The law, article 2007 (1903), says:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, *setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.*" (Italics ours.)

[2] This requires that the controverting affidavit shall itself contain allegations of the facts which are claimed to confer jurisdiction on the court where the suit is filed, or, at the very least, to refer to and make a part of the controverting plea the petition in which the allegations are made, or attach the petition to the controverting plea as an exhibit with reference thereto for that purpose. Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984. The controverting affidavit did not refer to nor make part of same the petition of appellee, nor was the petition attached to said controverting affidavit, nor did it contain allegations of any fact that would show venue in the court where filed. It was clearly insufficient.

[3-6] 2. Because, it is contended, the controverting plea is insufficient when it only alleged in general terms that the cause of action was founded on trespass. The lack of specific pleadings in the controverting affidavit was excepted to by appellant in his answer to said affidavit. We think the exceptions were well taken and that they should be sustained. The rule is well settled that the party controverting the plea must allege and prove the facts necessary to clearly bring him within the exception claimed. No sort of allegations are to be found in the controverting plea showing an act on the part of appellant constituting trespass within the meaning of the statute, article 1995 (1830), Revised Statutes 1925, subd. 9. This would clearly render the controverting affidavit insufficient, but we will say that, in our opinion, if the allegations in the petition, which was not in any manner referred to as a part of the controverting affidavit nor attached thereto as an exhibit to be considered in connection therewith, are considered, we do not believe that they show any such act on the part of appellant as would, under the law, constitute trespass. While the petition alleged the construction of the pontoons to be wrongful and negligent, under the allegations of the petition and the proof on the hearing of the controverting affidavit no wrongful act is shown, and the fact that the pontoons were negligently constructed and placed, if they were, did not constitute trespass within the meaning of the law. To constitute a trespass within the meaning of subdivision 9 of article 1995, the act from which the injury flowed must have been wrongfully done, which wrongful act must have been willfully or negligently committed. The mere fact that the act was negligent or

constituted an omission to do a duty is not sufficient. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Austin v. Cameron & Co., 83 Tex. 351, 18 S. W. 437; Guinn v. Texas Drug Co. (Tex. Civ. App.) 219 S. W. 507.

3. That the court erred in not sustaining his plea of res adjudicata of the question of privilege. Appellant, in his answer to appellee's controverting affidavit, pleads that appellee in the year 1923 filed his suit against appellant upon the same identical cause of action upon which the instant suit is based, said suit being filed in the Sixtieth district court of Jefferson county, Tex., and styled Joe Berwick v. John Jacobson, No. 22539, upon the docket of said court; that in that proceeding appellant duly filed his verified. plea of privilege, praying that the cause be transferred to Galveston county, Tex., the county of his residence, and that appellee, Joe Berwick, in turn filed his controverting affidavit thereto, stating that the cause of action was based upon a trespass alleged to have occurred in Jefferson county, Tex., and that the venue therefore was properly placed in Jefferson county under article 1830, exception 9, of the Revised Statutes of Texas, in force at that time, the said affidavit being in substance and in fact identical with the controverting affidavit filed herein and raising the same issues of law and fact; that in March, 1924, the cause came on for hearing upon the said plea of privilege and controverting affidavit thereto, and the hearing was had before Hon. E. A. McDowell, judge of said court, and that upon the hearing hereof Hon. E. A. McDowell stated that he would sustain the said plea of privilege, and so decreed, and so noted the same upon his docket; that thereafter appellee, Joe Berwick, by his attorney, stated that he would take a nonsuit and had the cause dismissed from the docket—by reason of all which appellant insists that appellee is now barred from alleging and contending that this suit is based upon a trespass committed in Jefferson county, or that the venue is properly laid in Jefferson county, Tex., for in that said issue had been and was duly raised by the pleadings, and was duly litigated by and between the parties, and had been duly and fully adjudicated by a court of competent jurisdiction, and was and is res adjudicata of said issues, which he duly pleaded.

We think this contention is sound and should be sustained. There is no question as to the parties and the cause of action being identical, and the issue of venue is the same. That the matter was duly heard and judgment thereon rendered as pleaded by appellant is not denied by appellee. The matter involved substantial rights of the parties, and its determination was had after a solemn and deliberate consideration of the issues involved. The statute, article 2008 (1903), Revised Statutes 1925, specifically provides for a trial of the issues raised by the special pleadings and calls for the rendition of a judgment thereon. The judgment sustaining the plea of privilege was one from which an appeal could be taken. No appeal from said judgment was taken, and said judgment has long since become final. Said judgment is res adjudicata of the question here. Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Planters' Cotton Oil Co. v. Godwin-Humphreys Co. (Tex. Civ. App.) 221 S. W. 642; 34 C. J. 764.

For the reasons above indicated, the judgment is reversed and the cause remanded, with instructions to the trial court that the cause be transferred to the district court of Galveston county, Tex.

## On Motion for Rehearing.

[7] Appellee, in his motion for a rehearing, complains that we erred in considering and sustaining appellant's plea of res adjudicata found in paragraph 3 of appellant's answer to appellee's controverting affidavit to appellant's plea of privilege, and calling our attention to the fact that same had been waived by appellant at the time of the hearing of the plea.

In looking to the record and the pleadings of the parties, we failed to note that appellant had not insisted upon his plea of res adjudicata. It appears that same was waived, and therefore we here withdraw that portion of our opinion heretofore filed herein.

Appellee insists that we erred in holding that the controverting affidavit must itself contain allegations of the facts alleged in the petition, which are claimed to confer jurisdiction on the court where the suit is filed insisting that the controverting affidavit is sufficient when it refers to the allegations in the petition for such facts, thereby making the same a part of the controverting affidavit.

The proposition of law stated by appellee is correct. The trouble is that in his controverting affidavit he neither referred to his petition, requesting that same be considered in connection with his controverting plea, nor made his petition a part of the controverting affidavit. The only mention of his petition is:

"Because plaintiff's cause of action as set forth in his original and first amended original petition, is founded upon a trespass, alleged to have been committed by said defendant. * * *"

And:

"That under article 1830, Complete Statutes of Texas, where the foundation of a suit is for a trespass such as has been alleged by plaintiff in his first amended petition."

In our opinion we said:

"The law, article 2007 (1903), says: 'If the plaintiff desires to controvert the plea of privilege, he shall, within five days after appearance

day, file a controverting plea under oath setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.' This requires that the controverting affidavit shall itself contain allegations of the facts which are claimed to confer jurisdiction on the court where the suit is filed, or at the very least refer to and make a part of the controverting plea the petition in which the allegations are made, or attach the petition to the controverting plea as an exhibit with reference thereto for that purpose. Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984. The controverting affidavit did not refer to nor make part of same the petition of appellee, nor was the petition attached to said controverting affidavit, nor did it contain allegations of any fact that would show venue in the court where filed. It was clearly insufficient."

[8] Appellee insists that the expressions, "because plaintiff's cause of action as set forth in his original and first amended original petition is founded upon a trespass," and "that under article 1830, Complete Statutes of Texas, where the foundation of a suit is for a trespass such as has been alleged by plaintiff in his first amended petition," used in the controverting affidavit, are such references to the allegations in his petition as is necessary to meet the requirements of the law. We do not think so. The mere use of the expressions quoted is not a reference to the petition such as will make it a part of the controverting plea in contemplation of article 2007, supra. There is no statement that the allegations in the petition are referred to and asked to be considered as a part of the controverting affidavit, nor any statement that the petition is in any sense made a part of the plea so as to comply with the statute that the facts shall be alleged in the controverting plea.

We are cited to Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309, and Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792, and Bank v. Childs (Tex. Civ. App.) 231 S. W. 807, as supporting appellee's contention. We do not believe that these cases support appellee's contention, but that when properly construed they are in line with our holding. They are all by the Austin Court of Civil Appeals, and Judge Blair wrote the opinion in Shafer v. Swift. In that opinion he says, referring to Gottlieb v. Dismukes:

"We prefer to adhere to the opinion announced by Mr. Justice Brady, to the effect that, where the controverting plea refers to or adopts as a part of it the petition filed in the case as to its allegation of a specific fact or facts of fraud, the statute is, in effect, complied with, in that it specifically sets out the fact or facts relied upon to confer jurisdiction."

This holding is not in conflict with our holding, but to the same effect, and we think a correct interpretation of the statute, but if it can be said that there is any conflict, then we call attention to the case of Penix v. Davis, 265 S. W. 718, cited in our original opinion. This was also by the Austin Court of Civil Appeals, and the opinion was also written by Judge Blair. In this case, in construing article 2007 (1903), he says:

"We are of the opinion that both grounds asserted as error by appellant should be sustained. In the construction of this article as to what the controverting plea contesting a plea of privilege should allege this court and several other Courts of Civil Appeals have held that the controverting plea of affidavit must itself allege facts conferring venue in the county in which the suit is filed, even though such would be a repetition of the jurisdictional facts alleged in the petition. This court has held in this connection that, if the controverting plea or affidavit refers to and makes the pleadings in the case a part thereof, such is a compliance with this particular statute as to the necessary allegations of fact conferring venue:"

—and cites the very cases cited to us by appellee in his motion. If it could at all be said that the authorities cited by appellee, supra, are in conflict with our holding here, then they are overruled by the later case of Penix v. Davis, discussed, supra, but we again say that there is no conflict.

The cases of Randals v. Green (Tex. Civ. App.) 258 S. W. 528, and Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736, cited by appellee, do not support his contention, but are in complete harmony with our holding. In each of these cases the petition in the main suit was made a part of the controverting plea and it was therefore sufficient.

Appellee insists that we erred in holding that the allegations in his petition were insufficient to show such an act on the part of appellant as would amount in law to trespass under the statute prescribing venue. We said:

"The rule is well settled that the party controverting the plea must allege and prove the facts necessary to bring him within the exception claimed. No sort of allegations are to be found in the controverting plea showing an act on the part of appellant constituting trespass within the meaning of the statute, article 1995 (1830), Revised Statutes 1925, subd. 9. This would clearly render the controverting affidavit insufficient, but we will say that, in our opinion, if the allegations in the petition, which are not in any manner referred to as a part of the controverting affidavit nor attached thereto as an exhibit to be considered in connection therewith, are considered, we do not believe that they show any such act on the part of appellant as would, under the law, constitute trespass."

We have again inspected the pleadings and considered the facts alleged, and do not believe that we erred in so holding.

That part of the original opinion sustaining appellant's plea of res adjudicata is

withdrawn, because it appears same was waived. Otherwise, the motion for rehearing is overruled.