**LINDOP et al. v. BAKER.** (No. 10449.)

Court of Civil Appeals of Texas. Dallas. Nov. 4, 1929.

Rehearing Denied Jan. 11, 1930.

443

J. T. Spencer, of Waxahachie, for appellants.

Francis M. Chaney, of Dallas, for appellee.

VAUGHAN, J. Appellee, Miss Mae Baker, instituted this suit in the justice court of precinct No. 6, Dallas county, Tex., on the 24th day of January, 1929, against the appellants, Lester Lindop and N. A. Lindop, to recover the sum of $195 as damages, alleged to have been sustained by appellee through the negligence of appellants. Appellee alleged that the negligence of appellants, by which said damages were sustained, was the driving of an automobile into and against the automobile in which she was riding, by said Lester Lindop while acting as the agent of N. A. Lindop, and that the collision occurred in Dallas county, Tex., in justice court precinct No. 6; that the car operated by said Lester Lindop on said occasion was the property of appellant N. A. Lindop; that at the time of said collision she was driving her car on the Dallas and Cleburne highway, and Lester Lindop was driving the car of said N. A. Lindop on the Lancaster and Cedar Hill pike, and that said Lester Lindop, in attempting to drive upon said highway, allowed his automobile to wantonly and recklessly jam appellee's car, damaging same in the amount of $170, and inflicting upon her personal injuries in the sum of $25; that said appellants reside in Ellis county, Tex.

On the 10th day of February, 1928, appellants filed their plea of privilege, in conformity with the requirements of article 2007, Rev. St. 1925, to be sued in justice court precinct No. 7 of Ellis county, Tex., the county and justice precinct in which they reside. On February 20, 1928, appellee filed in said justice court of Dallas county a controverting affidavit to appellants' plea of privilege, which will not be commented upon, further than to state that appellants' plea of privilege was overruled, from which ruling of the court appellants perfected their appeal to the county court of Dallas county at law No. 1. On June 16, 1928, appellee filed in said county court her first amended controverting affidavit to appellants' plea of privilege, making the statement of her cause of action in justice precinct No. 6 a part of said affidavit, and alleged in substance that she was driving her automobile in or near the town of Cedar Hill, Tex., at the intersection or crossing of said highway with the Cedar Hill-Lancaster pike, when an automobile driven by appellant Lester Lindop, who was acting and driving said automobile for his father, N. A. Lindop, his coappellant, recklessly, willfully, negligently, and wantonly drove his said automobile into the car of appellee, turning her automobile over and injuring said automobile in the sum of $170, and injuring the person of appellee in the sum of $25; that appellee's automobile was on the main highway, and appellant Lester Lindop could, by the use of ordinary diligence, have avoided the accident, and he would have seen appellee.

Appellants' plea of privilege was duly passed upon and overruled by the county court at law No. 1, Dallas county, Tex., and from that order appellants properly prosecuted their appeal to this court.

In order to determine this appeal it is only necessary to pass upon one question, namely, did appellee introduce evidence sufficient to establish prima facie that a trespass was committed by either of appellants, Lester Lindop or N. A. Lindop, in justice precinct No. 6, Dallas county, Tex., within the meaning of subdivision 9 of article 1995, Rev. St. 1925? Even conceding that appellee alleged acts on the part of appellants, or either of them, that constituted a trespass within the meaning of subdivision 9, supra, it still remained for appellee, in order to overcome appellants' plea of privilege, to introduce evidence sufficient to establish a prima facie case of trespass within the meaning of subdivision 9, as alleged by her. Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035. Was this burden discharged by appellee? Following is all of the testimony introduced by appellee in support of her controverting affidavit:

"I reside at Taylor, Texas. I am a school teacher; teaching school in the winter and keep books in the summer. On the 28th day of December, 1927, I had been to Dallas in company with a lady friend and was going back to my home in Taylor, Texas, and while on the Dallas and Cleburne public road in Precinct No. 6 near the town of Cedar Hill in Dallas County, Texas, and near the intersection of said road with the belt line road running from the town of Lancaster to Cedar Hill, the defendant, Lester Lindop, ran into my car and turned my car over, damaging it in the sum of $160.00, and injuring me per-

sonally in the sum of $25.00. I was traveling at about 25 miles per hour and just before I reached the intersection of said belt line road, the defendant, Lester Lindop, and his brother drove into the Dallas and Cleburne highway off of the belt line road and I did not see them until I was within eight or ten feet of the defendants. They were traveling about eight miles an hour. When I first saw the defendants they were in the edge of the public highway upon which I was traveling. When I saw the defendants I honked my horn and put my foot on the gas and tried to get by them. Their left fender struck my rear bumper or fender and turned my car over, and damaged it $160.00 and injured me in the sum of $25.00. I was traveling about 25 miles an hour."

The plaintiff, Mae Baker, upon cross-examination testified as follows: "I did not make any effort to stop my car when I saw the defendants come into the Dallas and Cleburne highway. I thought I could get by them and placed my foot on the gas and tried to get by them, but they ran into me and turned my car over in the public road. I do not know whether they intentionally ran into me or not, because I do not know what they had in their mind. I was on the main highway and they were on the belt line and not a main highway. An automobile of the kind driven by defendant could have been stopped within five feet. I have driven automobiles for several years and know about what distance it could be stopped."

We have carefully analyzed this testimony and have been unable to extract therefrom evidence sufficient to establish prima facie that the injuries sustained were due to a wrongful act committed, but, on the contrary, only prima facie to a tort resulting solely from the negligent omission to perform a duty without the intention to thereby inflict an injury to the person or property of appellee. Therefore appellee failed to establish the grounds of her controverting affidavit, namely, the commission of a trespass by appellants, or either one of them, by and through which the damages alleged to have been sustained by her were received. Cahn Bros. & Co. v. Bonnett, 62 Tex. 674; Ricker, Lee & Company v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Austin v. William Cameron Co., 83 Tex. 351, 18 S. W. 437; Guinn v. Texas Drug Co. (Tex. Civ. App.) 219 S. W. 507; Jacobson v. Berwick, supra; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25; Wettermark v. Campbell, 93 Tex. 517, 56 S. W. 331.

Appellants' plea of privilege was erroneously overruled, therefore the judgment of said county court is reversed, and this cause remanded to that court, with instructions to transfer this cause to justice court precinct No. 7, Ellis county, Tex., as prayed for by appellants in their plea of privilege.

Reversed, and remanded with instructions.