## DOUGLAS v. WILLIAMS et al.
### No. 9564.

Court of Civil Appeals of Texas. San Antonio.

May 8, 1935.

Rehearing Denied June 12, 1935.

W. C. Douglas, of San Antonio, and Fred Knetsch, of Seguin, for appellant.

A. C. Linne and O. E. Threlkeld, both of Seguin, John C. Hoyo and J. Walter Feigenbaum, both of San Antonio, for appellees.

SMITH, Justice.

This appeal is from an order of the district court of Guadalupe county overruling appellant's plea of privilege to be sued in Bexar county, of which she was conceded to be a resident.

The action was one for damages for personal injuries resulting from an alleged trespass upon the person, as contemplated in the ninth exception to the general venue statute (article 1995, R. S. 1925), in which it is provided that "a suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The controlling question is that of whether appellee met the burden of pleading and proof resting upon him under the law to bring his case within the exception mentioned.

In his petition appellee alleged, in effect, that he, a six year old boy, in company with a group of nineteen other school children en route to their homes after school, was walking south on highway 123, in Guadalupe county; that while so occupied on said highway he was "run down by an automobile" operated by appellant; that at the time appellant was driving her car "at an excessive rate of speed, in violation of law, and in a negligent manner, violative of ordinary care and prudence"; that, in violation of her duty to appellee, appellant

negligently failed to have her car under control, or give warning of its approach, or keep a lookout for children or other pedestrians upon the highway. Appellee further alleged discovered peril, and that each of said acts of negligence "directly caused and directly contributed" to the accident, which resulted in serious injuries to appellee.

To appellant's plea of privilege, conceded to be in due form and timely filed and urged, appellee filed his controverting affidavit, in which he adopted his petition as a part thereof, and averred that his cause of action was based upon "crime, offenses and trespasses" committed in Guadalupe County, as contemplated in said ninth exception to article 1995; that it was based upon a crime, in that at the time of the accident appellant was driving her car at a rate of speed in excess of 45 miles per hour, and upon the "wrong" side of the road, in violation of the criminal laws of the state; and further that at the time appellant was committing trespasses, within the meaning of said exception, in that she was operating her car "at an (1) excessive rate of speed, (2) with the left wheels 'past the center' on the 'wrong' side of the road, both said acts being in violation of the law, in a negligent manner and violative of ordinary care and prudence"; and that, after the discovery of appellee's peril, appellant "became excited and lost control of her automobile and negligently struck" appellee.

■ Accepting as true the testimony adduced by appellee (as we must do in this appeal), the following facts were shown upon the hearing of the matter of privilege: Appellant was driving "a little one-seated car" south upon the paved highway. The twenty school children were also traveling south, walking in a group along the east (their left) side of the paving. Appellee "kicked" off one of his shoes, which landed just short of the center of the paving, on the east side. Appellee followed his shoe, and, stooping to pick it up, was struck from his rear by appellant's car, was thrown upon the bumper and against the radiator, thence into or near the ditch on the west side of the highway. Appellant swerved her car to stop at a point opposite where appellee was lying, sprang out, picked him up in her arms, put him in her car, and took him to a hospital in Seguin, a few miles distant. The testimony as to injury was only that appellee "had his head bruised up here (indicating) and bruised under here (indicating) and his nose and mouth was bleeding."

According to the testimony of appellee's two witnesses (no others testified), appellant sounded no warning of her approach, and the witnesses had no knowledge of the presence of the car in the vicinity until they heard the brakes "squeak" immediately before the impact; that at the time of the impact the car was running "very fast," in the center of the highway, with the left wheels to the east (the driver's left) of the center.

■ A "trespass," as contemplated in the ninth exception to the venue statute, includes injuries to persons or property which are the result of wrongful acts amounting to affirmative, active negligence upon the part of the wrongdoer. Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800. The opinion of the Court of Civil Appeals in the case last cited, an automobile collision case, was expressly approved by the Supreme Court in an opinion by Judge Speer, of the Commission of Appeals [17 S.W.(2d) 779]. It is true the latter opinion was subsequently withdrawn by the Supreme Court, on recommendation of the Commission of Appeals [20 S.W.(2d) 758], upon the ground of want of jurisdiction, yet it is strongly indicative of the true view of the Supreme Court upon the subject, and is in point here.

■ It is now the settled law in this state that, in order to sustain venue in a county other than that of the defendant's domicile, in an action for tort, by virtue of the ninth exception to the venue statute, the plaintiff must show that the act complained of was committed in the county of the forum, and that it was of such nature as to make a prima facie case of trespass, as defined above. Lindop v. Baker (Tex. Civ. App.) 23 S.W.(2d) 442; Robbins v. Mc-Fadden (Tex. Civ. App.) 61 S.W.(2d) 1032; Fordyce Gravel Co. v. Springs (Tex. Civ. App.) 79 S.W.(2d) 1111, and authorities there cited; Compton v. Elliott (Tex. Civ. App.) 55 S.W.(2d) 247; Gordon v. Hemphill (Tex. Civ. App.) 80 S.W.(2d) 394.

In other words, in order to sustain venue in such case, the proof of trespass must be such as would support a jury finding for plaintiff upon that issue.

■ It seems perfectly obvious that appellee did not meet that burden in this

case. There was no evidence that appellant was violating any criminal statute on the occasion of the accident, so as to render her guilty of negligence per se. There was no evidence that appellant was driving her car at a rate of speed in excess of 45 miles per hour; or that she was driving on the "wrong" side of the road under circumstances condemned by the criminal statutes. No other criminal act was alleged by appellee in his pleadings as to venue.

By this process the element of trespass, by violation of criminal statutes, was eliminated from the case, and appellee was relegated to a showing of active negligence of such nature and degree as to constitute a trespass.

No witness testified to any circumstance or condition leading up to the accident, thus leaving the investigator entirely to conjecture as to the cause of it. It is true, witnesses testified that no warning of the car's approach was sounded until the brakes "squeaked" just before the collision, but there is no evidence that there was any occasion for any warning prior to that moment. So is it true that witnesses testified that at the moment of the impact the car was in the center of the highway, with the left wheels 2 feet over to the left of the center line of the paving. But the investigator is left wholly to conjecture to determine the circumstances which led the driver to that position. So far as the record shows to the contrary, the highest degree of care forced the driver into that position at that moment. So is it true that a witness testified the car was moving "very fast" at the moment of the impact. And, while "very fast" is a purely relative term, yet, if given full import, it cannot establish the fact of a negligently excessive rate of speed, in the total absence of evidence showing the circumstances leading up to the collision or that the driver had any. opportunity of slowing down after the pedestrian moved into a position of peril.

It is obvious from any rational analysis of the record that appellee did not make out a prima facie cause of active negligence, amounting to a trespass within the contemplation of the asserted exception to venue. The evidence was not such as would support a finding of negligence; it supports nothing but conjecture, speculation, surmise, and the right of the citizen to be sued in his own domicile is too valuable to be taken from him by those flimsy processes.

The judgment is reversed, and judgment will be here rendered that the venue of this cause be changed to the district court of the Forty-Fifth judicial district of Bexar county, and the clerk of the district court of Guadalupe county is directed to make up a transcript of all orders made in this cause, certify thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the district courts of Bexar county, as provided in article 2020, R. S. 1925, as amended by the Acts of 1933, 43d Leg., p. 546, c. 177 (Vernon's Ann. Civ. St. art. 2020).

This opinion will be substituted for the original, now withdrawn.

Reversed and rendered.