## DANIEL v. HENSLEE.

### No. 11979.

Court of Civil Appeals of Texas. Dallas.

May 9, 1936.

W. R. Herring, of Dallas, for appellant.

R. L. Moulden, of McKinney, for appellee.

LOONEY, Justice.

This appeal is by R. C. Daniel, a citizen of Dallas county, from an order of the county court of Collin county overruling his plea of privilege, filed in a suit brought by Miles Henslee for the recovery of 750 bushels of corn. The plea of privilege was in statutory form, was by appellee contested under oath; the contesting affidavit, in so far as is material, reads: "Now comes Miles Henslee, plaintiff in the above styled and numbered cause, and controverts the plea of privilege of the said R. C. Daniel, defendant herein, and says that he has good reason to believe and does believe and so alleges that defendant's said plea is incorrect and that this court has venue of this cause and the person of this defendant on the following grounds and reasons, to-wit: By virtue of article 1995, Vernon's Annotated Civil Statutes of the State of Texas, subdivision 10, which reads as follows: 'Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides.'"

To the contesting affidavit, appellant urged a general demurrer, which being overruled, evidence was heard which showed conclusively that the personal property—that is, the corn for the recovery of which the suit was brought—was at the time of its institution located in the town of Farmersville, Collin county; hence the trial court overruled the plea of privilege, from which this appeal was prosecuted.

Appellant insists that the controverting affidavit was insufficient, in that it failed to disclose the fact or facts relied upon to confer venue on the court below; therefore the court erred in overruling the general demurrer.

Appellee, through his attorney, confessed error in the respect as contended by appellant, but insists that, on reversal, the cause should be remanded for further proceedings, in view of the circumstances disclosed by the record.

Several of our Courts of Civil Appeals have held contesting affidavits, in effect the same as the one under consideration, insufficient as against a general demurrer. See Jacobson v. Berwick, 289 S. W. 1035; Grogan-Cochran Lumber Co. v. McWhorter, 4 S.W.(2d) 995; Paxton v. First State Bank of Tatum, 42 S.W.(2d) 837; Benedum v. John Woodley, Inc., 50 S.W.(2d) 493; Brown v. Cox, 53 S.W. (2d) 848.

So, in view of appellee's confession of error and in order to maintain a uniform rule of decision and avoid confusion in regard to the procedural matter involved, we follow the rule announced in the cases cited; therefore reverse the judgment of the trial court. However, in view of the undisputed facts disclosed by the record showing venue in the court below, we remand the cause for further proceedings, that the ends of justice may be subserved. See Associated Oil Co. v. Hart (Tex.Com.App.) 277 S.W. 1043, and authorities cited.

The writer is of the opinion, concurred in by Associate Justice BOND, that the contesting affidavit, although skeleton in form and based upon conclusions rather

than upon specific facts, is nevertheless good as against a general demurrer, but precedent, which we feel constrained to follow, has been established to the contrary.

Reversed and remanded.