█ We quote from the opinion on rehearing in Jarrell v. State, 120 Tex.Cr.R. 306, 49 S.W.(2d) 752, 754: "Without a valid complaint, the information is worthless and will not sustain a conviction. If the complaint be defective in respect to a matter of substance, then the information based thereon cannot stand. Branch's Ann.P.C., § 476; see, also, Smith v. State, 3 Tex.App. 549; Jennings v. State, 30 Tex.App. 428, 18 S.W. 90; Suddeth v. State (Tex.Cr.App.) 100 S.W. 155." See, also, Prock v. State, 114 Tex.Cr.R. 411, 23 S.W.(.2d) 728; Reynolds v. State, 82 Tex.Cr.R. 326, 198 S.W. 958.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of conviction is reversed and the prosecution ordered dismissed.

**OSMUN et al. v. WALL.**

**No. 3211.**

Court of Civil Appeals of Texas. Beaumont.

July 15, 1937.

Fairchild & Redditt, of Lufkin, and Thompson, Knight, Baker & Harris, of Dallas, for appellants.

W. J. Townsend and H. R. Rolston, both of Lufkin, for appellee.

WALKER, Chief Justice.

Appellee, Mrs. J. D. Wall, alleged that she was injured on the 16th day of February, A. D. 1936, by appellant Fred N. Osmun running an automobile which he was driving into the back end of an automobile in which she was riding; that Osmun was the agent and driver of appellant Bowen Company of Texas, Inc., and was operating the car for his employer at the time of the collision; she alleged facts constituting a trespass in Angelina county, the nature and extent of her injuries, and other facts necessary to constitute a cause of action against appellants for the injuries suffered by her. Appellants answered by separate pleas of privilege, to which appellee filed controverting affidavits. The pleas of privilege were overruled, and appellants have duly prosecuted their appeal to this court.

The principal point urged by appellants is that appellee did not introduce proof, sustain the jurisdictional allegations of her petition and her controverting affidavit; in a brief filed by her, she confesses error against her judgment, and prays that the judgment of the lower court be reversed and the cause remanded to the district court of Angelina county for a new trial. Appellants pray that we enter our order, transferring the case to Harris county, the place of their residence and principal place of business.

It reasonably appears to us that appellee, on another trial, can sustain her venue in Angelina county.

The judgment of the lower court is reversed, and the cause remanded to the

998

trial court for a new trial. Daniel v. Henslee (Tex.Civ.App.) 94 S.W.(2d) 197; Bender v. Armstrong (Tex.Civ.App.) 88 S.W.(2d) 778.